## TINER *v.* STATE.

## Opinion delivered November 24, 1913.

1. WITNESSES—CONVICTED FELON—POWER TO COMPEL ATTENDANCE.— Where a witness is a convicted felon and incarcerated in the State penitentiary, it is not error, in a criminal trial, for the court to overrule a motion by defendant, requesting that the attendance of said witness upon the trial be procured  (Page 254.)

2. CONTINUANCES—ABUSE OF DISCRETION.—Defendant in a criminal prosecution, filed a motion praying a continuance on account of the absence of a material witness, and setting out the facts to which she would testify. *Held,* the court, having found that defendant was entitled to a continuance, it was an abuse of its discretion to overrule the motion upon an agreement by the State to admit that the absent witness would testify to the facts as set out in the motion, but not agreeing to admit that such facts were true. (Page 255.)

3. EVIDENCE—STATEMENTS AT INQUEST—ADMISSIBILITY.—A writing, purporting to be statements of defendant at a coroner's inquest, and signed by defendant, is not admissible in a trial of defendant, for the purpose of contradicting him. (Page 257.)

4. EVIDENCE—STATEMENTS AGAINST INTEREST.—But such evidence may be admissible as a declaration against interest, tending to show where defendant was at the time of the killing, of which he is accused. (Page 258.)

5.  EVIDENCE—DECLARATIONS AGAINST INTEREST.—Evidence of a party's voluntary declarations, showing how the alleged crime was committed, is admissible against him without regard to whether they were favorable or adverse to his interest at the time of utterance. (Page 258.)

6.  EVIDENCE—SELF-SERVING DECLARATIONS.—Such evidence is admissible at the instance of the State, no matter whether against defendant's interest at the time made or not, but it is not admissible as evidence for the defense, being in the nature of self-serving declarations. (Page 259.)

7.  CRIMINAL LAW—ACCESSORY BEFORE THE FACT—EVIDENCE OF CONVICTION OF PRINCIPAL.—Where defendant is being tried on an indictment charging him with being an accessory before the fact to the crime of murder, it is proper for the State to introduce and have read to the jury the judgment of conviction of the principal of the killing. (Page 260.)

8.  CRIMINAL LAW—ACCESSORY BEFORE FACT—CONVICTION OF PRINCIPAL.— The conviction of the principal is *prima facie* evidence of his guilt, on the trial of an accessory before the fact to the crime, but the record of conviction does not exclude other competent evidence of the guilt of the principal, nor does it prevent the dispute of such record collaterally on the issue of the guilt of the accessory. (Page 261.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; reversed.

*S. A. D. Eaton,* for appellant.

1. By the refusal of the court to make the order to secure the attendance of a material witness defendant was unlawfully deprived of a material right guaranteed by the Constitution. Art. 2, § 10; 58 Ark. 544; 50 *Id.* 161; 4 S. W. Rep. 24. The continuance should have been granted. 71 Ark. 182; 50 *Id.* 161; 99 *Id.* 394; 4 S. W. 24.

2. In all cases where admissions are admitted at all, they carry with them an admission of the absolute truth of the testimony so admitted, and are not subject to contradiction nor impeachment by the State. 50 Ark. 161; 151 S. W. 538; 152 *Id.* 1094.

3. Where two or more are jointly indicted, either may be sworn as a witness, but the testimony can not be used against him in any criminal prosecution for the same offense. 66 Ark. 53; 78 *Id.* 262; 84 *Id.* 88.

4. The statement purporting to be the testimony of defendant before the coroner could not be used on the trial (1) because not reduced to writing, (2) not certified and signed by the coroner, (3) no part of a confession, unless the whole thereof can be properly admitted (Kirby's Dig., § 800; 69 Ark. 599), and (4) the testimony was contradictory of admitted testimony.

5. The judgment of conviction of Thomas S. Tiner was not admissible. It was the opinion of twelve men as to what weight should be given in the trial of another individual—mere hearsay. 152 S. W. 1019; 7 Cr. 290; 56 Ark. 331.

6. The language of the prosecuting attorney was highly prejudicial and reversible error. 48 Ark. 106; 58 Id. 368; 12 Cyc. 571.

7. Instruction No. 3 was error. 50 Ark. 161; 151 S. W. 538; 152 Id. 1094.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

*T. W. Campbell* and *Witt & Schoonover,* of counsel.

1. The court properly overruled the motion for continuance. Kirby's Dig., § 2137, 2268; 71 Ark. 62; 100 Id. 180; *Sullivan* v. *State,* 110 Ark. ... ; 94 Ark. 538. No showing of due diligence was made. 94 Id. 169.

2. The trial court did not err in permitting the testimony of Maria Tiner to be contradicted. The statute merely forces the prosecuting officer to admit that the absent witness, if present, would testify to those things set forth in his motion, and hence the State in rebuttal could contradict the evidence. 35 So. 122; 53 Pac. 1; 81 Id. 631; 5 Kan. 159-163; 87 N. W. 344-5; 39 So. 672; 99 N. W. 140; 40 So. 538-9.

3. Nor was there error in permitting defendant to be contradicted. 158 S. W. 1087-90.

4. The judgment of conviction was properly admitted. 108 Ark. 447.

5. The court properly admonished the prosecuting attorney with regard to his remarks, and there is no

error in instruction No. 3.  39 So. 672; 99 N. W. 140; 40 So. 538-9.

WOOD, J.   On the 24th of September, 1912, John R. Davis, while riding by what was known in the neighborhood as Tiner's wine cellar, located something like 200 yards west of Swartz postoffice, in Randolph County, was shot and instantly killed.   Thomas L. Tiner and the appellant, his son, were indicted for the killing of Davis, the indictment charging them with murder in the first degree, and in a second count appellant was charged as accessory before the fact to murder in the first degree. Thomas L. Tiner was tried at the January term of the circuit court and convicted of murder in the second degree and sentenced to the penitentiary.

At the July term, 1913, appellant was placed on trial, which resulted in his conviction for murder in the second degree, and the case is here on appeal.

The circumstances developed by the evidence in the trial of Thomas L. Tiner are substantially the same as on the trial of appellant, and these are set forth in the case of *Tiner* v. *State*, 109 Ark. 138, 158 S. W. 1087.  Such other facts as may be necessary will be stated as we proceed.

Several days prior to the trial of appellant he filed a petition, alleging that Thomas L. Tiner was an important and material witness in his behalf, and that he was incarcerated in the penitentiary of the State.   He prayed the court to take such legal steps as might be necessary to secure the attendance of the witness at the trial.   The court refused the prayer of the petition, and this was made one of the grounds of the motion for a new trial.

The statute provides that an examination of a person confined in any prison in this State under sentence for a felony must be taken by deposition.   Kirby's Digest, § 2137.   Depositions may be used on a trial of all issues in any action where, from imprisonment, the witness is unable to attend court.   Kirby's Digest, § 3157, subdivision 3.   The court had no power, under the law, to compel the attendance of Thomas L. Tiner, who was sen-

tenced to imprisonment in the penitentiary. Tiner was beyond the jurisdiction of the court, and his testimony could only be had by deposition. The Legislature of 1913 passed an act making the testimony of convicts competent; but no provision is made for procuring their attendance at the trial. Act 1913, page 961. The court, therefore, did not err in overruling the motion, so far as he was concerned.

The appellant moved for a continuance of the cause on account of the absence of witness, Maria Tiner, setting out the facts to which she would testify if present, and showing that she was unable to attend court on account of illness; that her testimony was material, and the same facts could not be established by any other witness, and that the appellant had used due diligence to obtain her testimony, and that the witness could be had at the next term. The record recites that "the court sustained said motion on account of the absence of witness, Maria Tiner. The State, through its attorney, proposed to admit that if the witness, Maria Tiner, were present she would testify to the facts as alleged in said motion for a continuance, whereupon the court, over the objection of defendant, ruled that defendant should proceed to trial."

The court, having found that the motion of appellant was sufficient to entitle him to a continuance on account of the absence of Maria Tiner, and having sustained said motion, should not thereafter have overruled same merely because the attorney for the State admitted that she would testify to the facts alleged in said motion. The motion being otherwise sufficient to meet the requirements of the law, this admission upon the part of counsel could not deprive appellant of his right to have the witness present in person. It will be observed that counsel did not admit that the testimony set up in the motion was true, but only that the witness "would testify to the facts as alleged."

In *Jones* v. *State*, 99 Ark. 394, the trial court overruled a motion for a continuance and allowed certain parts of the testimony set up in the motion to be read,

and instructed the jury to consider the testimony the same as if the witness had been present and testified. The appellant in that case "had brought himself within the requirements of the law in his endeavor to procure the attendance of his witness," and we held that the court erred in overruling the motion. In that case we said: "Had the witnesses been present in person before the jury and given their testimony, their appearance and manner of testifying might have impressed the jury that their testimony was true. The appellant, having exercised all the diligence that the law requires to procure the attendance of these witnesses, could not be forced into trial and have the purported testimony of the witnesses, as given on a former trial, substituted for the testimony of the witnesses in person before the jury. The ruling of the court, under the circumstances of this case, was erroneous, and was tantamount to a denial of the appellant's right, under the Constitution, to have compulsory process for obtaining witnesses in his favor. *Graham* v. *State,* 50 Ark. 161. A continuance under such circumstances is a matter of legal right, which could not be denied appellant without an abuse of the court's discretion."

That case rules the present one. Had the court found that the motion was insufficient because the appellant had failed to show due diligence, or that it otherwise failed to meet the requirements of the statute, the case would have been different, and in such case the court would be justified in refusing a continuance without the imposition of terms, and in such case the appellant would not be prejudiced by requiring the State to admit that the witnesses, if present, would testify to the facts alleged in the motion. But where a motion is otherwise sufficient it is prejudicial to overrule it for no other reason than that the counsel for the State admits that the witnesses would testify to the facts set up therein.

In *Graham* v. *State, supra,* Judge Cockrill, speaking for the court, said: "A large measure of discretion is vested in the trial courts in reference to postponement

of trials. It is within the range of this discretion to force the prosecuting officer to submit to a postponement or to permit the statement of the testimony of the absent witness to go to the jury in some form. This is commonly done by requiring an admission of the absolute truth of what is expected to be proved. 1 Bishop Cr. Proc., § 951a. But in a case where the court would be clearly justified in refusing the continuance without the imposition of terms, the accused would be aided rather than injured by an admission such as the statute requires, and it is then permissible.''

During the progress of the trial, the court, over the objection of the appellant, allowed to go to the jury what purported to be the written testimony of appellant before the coroner's inquest, and to this ruling the defendant duly excepted. A witness stated that he was clerk of the coroner's inquest; that he took down the minutes of the statements of witnesses before the jury. He identified a writing handed him as the record of the minutes, and stated that it contained Dee Tiner's statement given before the coroner's jury on the day of the killing of Davis. He further testified that Dee Tiner, after witness had taken the statement down, signed the same. Witness was asked if he took down everything that was said on that occasion by the witnesses, and answered: ''I don't know that I took down everything that was said; I tried to take down the important part.'' On re-direct examination, the witness testified that he did not think he wrote into the record anything that the witnesses did not say, and, further, that he could not recall having left out anything that the witnesses did say. What he wrote down is what the witnesses said. The writing purporting to contain the statement of appellant before the coroner's jury was read to the jury, as follows: ''This morning we were in the cellar and pa was sitting at the window working on some books. John Davis shot the first shot at pa. Then pa got the shotgun and shot at John Davis with the shotgun. Then John Davis said, 'Oh!' Then pa got the other gun and shot it. Then John Davis fell from his

horse. Then pa walked out to the gate, then walked back to me and said, 'Ain't it awful?' "

On behalf of the defendant the statement of facts contained in the motion for a continuance was read in evidence to the jury, in which it is stated that the absent witness, Maria Tiner, would testify in part as follows: "When Davis fired, defendant was out in the vineyard near the southwest corner of the wine cellar, going toward his father's house, and had nothing in his·hands. Immediately after the shot was fired, defendant ran into the wine cellar."

The writing purporting to be the statement of the appellant before the coroner's jury was sufficiently identified as his statement. It was shown that he signed it, and the witness who took it down, in summing up his testimony, says that the writing contained what Dee Tiner said before the coroner's inquest. Appellant Tiner, however, was not a witness in his own behalf at the trial of his case in the lower court, and therefore the above statement or writing was not competent for the purpose of contradicting him as a witness. The writing, however, was competent as a declaration of the defendant's tending to show his presence in the wine cellar at the time his father shot Davis. It was a story of the appellant, made soon after the killing, relating to the transaction in question and showing that he was present in the wine cellar at the time his father shot Davis.

Appellant was contending at the trial, through the testimony of witness Maria Tiner, that he was not present in the wine cellar when the shot was fired, but the statement shown to have been made by him before the coroner's jury tends to establish the fact that he was present. This statement, therefore, should be admitted, as tending to show a declaration against interest.

In *State* v. *Mowry*, 21 R. I. 376-384, the State over the objection of the defendant, was allowed to show by witnesses that the defendant had related to them certain alleged occurrences in connection with the murder with which he was charged, tending to exculpate himself and

show that others had committed the crime. The court said, ''Whether the testimony objected to was strictly against interest or not, we think it was admissible as being the defendant's statement of what took place at the Matheson house and in the vicinity thereof on the night of the murder. In other words, insofar as it goes, it is his version of the affair. While he does not thereby directly attempt to account for the murder with which he is charged, yet it was evidently his intention to have the witnesses to whom he told the story do so by inference. The testimony was clearly admissible for another purpose, namely, as an admission that the defendant was at the house on the night of the murder. The prosecution also had the right to prove the defendant's explanation of the affair in whole or in part for the purpose of showing that it was wholly unreasonable and evidently made up for the occasion.''

In 2 Jones on Evidence, p. 300, it is said: ''Nor is it necessary that the statement should at the time of making it appear to be against the interest of the party. The statement is admissible if at the time of the trial it is inconsistent with the contention of the party who made it.''

Here the declarations shown to have been made by the appellant on the day the killing took place, to the effect that he was present in the wine cellar when the shooting occurred, were in conflict with the contention set forth in the testimony to the effect that he was ''out in the vineyard,'' and not in the wine cellar.

Evidence of a party's voluntary declarations showing how the alleged crime was committed is admissible against him without regard to whether they were favorable or averse to his interest at the time of utterance. Such testimony, giving the explanation of the defendant himself as to the transaction, is admissible at the instance of the State no matter whether they were against the defendant's interest at the time he made them or not. But, of course, such declarations could not be used in his own defense, because they would necessarily be in the nature of self-serving declarations. See 1 Greenleaf on

Ev., § 169, *et seq.* Professor Wigmore says: "The accused in a criminal case may make admissions just as a party in a civil case, by saying things inconsistent with the present points of his proof. Admissions, in the sense of inconsistencies, are not peculiar to civil cases." See note to section 170, 1 Greenleaf Ev., p. 293.

The court, therefore, did not err in admitting the written statement purporting to be the appellant's testimony before the coroner's jury to be read in evidence.

The court, over the objection of appellant, permitted the State to introduce and have read to the jury the judgment of conviction of Thos. L. Tiner for the killing of John R. Davis. Appellant was being tried on an indictment which charged him not only with murder, but which also charged him with being an accessory before the fact to the murder of John R. Davis by Thos. L. Tiner. Appellant did not move to have the State elect as to the charge on which it would prosecute. Appellant was therefore being tried for accessory before the fact to the crime of murder.

In *Jones* v. *State,* 108 Ark. 447, we held that the conviction of the principal is *prima facie* evidence of his guilt on the trial of an accessory before the fact to the crime. But the record of conviction does not exclude other competent evidence of the guilt of the principal, and does not prevent the dispute of such record collaterally on the issue of the guilt of the accessory. The court did not err in permitting the record showing the conviction of Thos. L. Tiner to be read in evidence.

The court gave, among others, the following instruction: "You are instructed as a matter of law, that the defendant has a right to testify in his own behalf or not, as he deems fit, and that the failure to testify in his own behalf shall not create any presumption against him."

The prosecuting attorney, in commenting on this instruction, used the following language: "Yes, the defendant has a right to go on to the witness stand and deny that he was in the wine cellar when those shots

were fired; he has a right to deny that he fired—'' Here
the attorney for the defendant objected to the remarks,
whereupon the court stopped the attorney and stated
to him, in the presence and hearing of the jury, that he
should make no comment whatever on the defendant's
failure to testify in his own behalf. The defendant at the
time duly excepted to the language used.

The appellant did not ask the court to withdraw spe-
cifically the remarks. The ruling of the court informed
the jury that the State's attorney should make no com-
ment whatever on the defendant's failure to testify. That
was tantamount to advising the jury of the impropriety
of such remarks. The counsel was interrupted before
he had concluded his sentence, but the character of the
remarks was such as to direct the attention of the jury
to the failure on the part of the defendant to go upon
the witness stand and deny that he was present when the
shots were fired, and that he also fired shots. The re-
marks of counsel were exceedingly reprehensible as it is
difficult to conceive how any reference whatever upon
the part of counsel to the failure of the defendant to tes-
tify would not be creating a presumption against him.
Such remarks should never be indulged in. But it is un-
necessary for us to decide in the present case as to
whether we would treat the remarks as prejudicial error
which it would be impossible for the court to cure by any
sort of admonition to the jury (as appellant's counsel
contends) for the reason that the cause must be reversed
for the refusal of the court to grant appellant's prayer
for a continuance. We may safely assume that no such
improper remarks will be indulged by counsel on another
trial.

Other rulings of the court are assigned as error,
which it becomes unnecessary to consider in view of what
we have already said in regard to the ruling of the court
in refusing appellant's prayer for a continuance. For
the error in this ruling, the judgment is reversed and the
cause remanded for a new trial.