WALKER *v.* STATE.

Opinion delivered June 7, 1926.

1. FORGERY—DESCRIPTION OF PERSON DEFRAUDED.—An indictment for forgery need not state whether the association or company intended to be defrauded was a corporation or a partnership.

2. FORGERY—NAME OR SIGNATURE USED.—To constitute a forgery, the named alleged to be forged need not be that of an existing person but may be that of a fictitious person.

3. FORGERY—VARIANCE.—Where an indictment for forgery of a check alleges that the check was indorsed by the payee, but does not allege that the indorsement was forged, proof that the indorsement was made after the forgery does not constitute a variance.

4. CRIMINAL LAW—PROOF OF OTHER CRIMES.—In a prosecution for forgery of a check, where accused denied having forged or uttered the check, proof that he had uttered other forged checks was admissible as tending to prove a similarity of handwriting and to show a method of procedure or course of conduct.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*D. L. Ford* and *Evans & Evans,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was tried under an indictment which charged him with forgery, and with uttering a forged instrument. The writing alleged to have been forged and uttered was a check drawn on the People's Bank of Ozark, Arkansas, for $4.50, payable to the order of Mathews Hardware Company and purporting to be signed by T. E. Smith. Each count of the indictment alleged that the check was indorsed on the back thereof "Pay to any bank, Ozark, Arkansas. Chas. E. Mathews Hdw. Co., Chas. E. Mathews, Prop."

Appellant was convicted on the count charging him with forging the check, and was acquitted on the second count, which charged him with uttering it.

A motion in arrest of judgment was filed upon the ground that the indictment did not state facts sufficient to constitute a charge of forgery, in that it did not allege

whether the payee, the Mathews Hardware Company, was a person, a copartnership, or a corporation.

It was shown that the name of the drawer of the check, T. E. Smith, was that of a fictitious person, and instructions were asked which, if given, would have told the jury that, if this were true, appellant would not be guilty of forgery, but would be guilty of the offense of obtaining goods and property under false pretenses, an offense not charged in the indictment, and to acquit the defendant on this account. It is also insisted for the reversal of the judgment of conviction that error was committed in admitting certain testimony, and that there was a variance between the testimony and the allegations of the indictment.

As to the assignment of error that the indictment failed to allege whether the Mathews Hardware Company was an individual, a copartnership, or a corporation, it may be said that this allegation is unnecessary in an indictment for forgery. In the case of *Blais* v. *State,* 94 Ark. 327, it was said: "Moreover, the authorities seem to sustain the view that, in an indictment for forgery, unlike an indictment for larceny or kindred offenses, it is unnecessary to state whether the association or company intended to be defrauded was a corporation or a partnership."

The court did not err in refusing to instruct the jury that, if T. E. Smith were found to be a fictitious person, the crime committed was not forgery, but that of obtaining money under false pretenses. In the case of *Maloney* v. *State,* 91 Ark. 485, it was held that to constitute forgery the name alleged to be forged need not be that of any person in existence.

The assignment of error in regard to the variance between the allegations of the indictment and the testimony is based upon the fact that the indictment alleges that the check was "indorsed on the back thereof: 'Pay to any Bank, Ozark, Arkansas. Chas. E. Mathews Hdw. Co., Chas. E. Mathews, Prop.'", whereas the proof

shows that the check accepted by the Mathews Hardware Company contained no indorsement whatever.

We think there was no variance. In the case of *Crossland* v. *State*, 77 Ark. 537, it was held that the indorsement on a check does not constitute in law a part of the check, and need not be set out in an indictment for forgery of such check, but that, if the indictment is for the forgery of the indorsement, it should be set out, accompanied with such averments as will make the offense affirmatively appear.

There was no allegation that appellant forged the indorsement. This allegation was not essential to the validity of the indictment, but was placed therein merely for the purpose of more complete identification. No doubt, if it had been omitted, the contention would have been made that there was a variance, as the forged check did not contain the indorsement, but the check introduced at the trial did. The indorsement resulted, of course, from the fact that, upon depositing the check for collection, the payee indorsed it. The testimony on the part of the State shows that the check was delivered to Matt Self, a salesman of the hardware company, in payment of a purchase which appellant had made, being thus accepted as cash. There was therefore no variance.

A more serious question is that the court erred in admitting certain incompetent evidence. The testimony on the part of the State was to the effect that on January 16, 1925, appellant purchased from the Mathews Hardware Company a pair of clippers, the price of which was $4.50, and gave the check in question in payment therefor. In about four days the check was returned by the bank in which it was deposited for collection to the hardware company, with the information that the drawer had no account in the bank on which it was drawn. Appellant denied signing the check, or that he uttered it in payment of the clippers, or for any other purpose.

The prosecuting attorney offered in evidence two checks which appellant had drawn in favor of Mrs. George Hutchens. The first of these checks was dated April 17,

1925, and was signed T. J. Smith. The second was dated July 10, 1925, and was signed T. E. Brown. Mrs. Hutchens testified that she cashed the two checks for appellant.

Mrs. Gussie Haberer testified that she received from appellant a check for $4 dated June 29, 1925, which bore the signature of T. E. Walker, and that this check proved to have been signed by a fictitious person, as were those cashed by Mrs. Hutchens.

Appellant testified as a witness in his own behalf, and, at the request of the prosecuting attorney, wrote the names: T. E. Smith, T. J. Smith, T. E. Brown, and T. E. Walker, and these signatures were submitted to the jury for comparison. Appellant denied having signed any of the checks offered in evidence by Mrs. Hutchens and Mrs. Haberer, and objected to the introduction of these checks in evidence.

We think no error was committed in admitting the checks cashed by Mrs. Hutchens and Mrs. Haberer in evidence. Appellant denied having purchased the clippers from the Mathews Hardware Company, and denied any knowledge of the check which the State's witnesses testified was accepted in payment of the clippers. There was a question therefore of identity in the case. Mrs. Hutchens and Mrs. Haberer testified that appellant signed the checks which they did cash, and appellant wrote, without objection, the names signed to all the checks. The names written by him in the presence of the jury were, of course, in his writing, and the jury had the right to compare these admitted signatures to identify the similarity of the writing of the check alleged to have been forged with the admitted writing done in the presence of the jury. This evidence tended to identify appellant as the man who had purchased the clippers, a fact which he denied.

The testimony tended also to show the system by means of which appellant obtained the goods and property of others. The method employed in all the cases

was the same, and the times of the passing of these checks were in January, April, June and July, of 1925.

In the very recent case of *Duvall and Rice* v. *State, ante,* p. 68, we held that proof of similar crimes was admissible when such proof tended to show a method of procedure or a course of conduct, provided such similar crimes were not remote in point of time from the crime charged. The other crimes here were not so remote as to be without probative value. The evidence of these crimes tended to show the system or method of procedure employed by appellant to defraud, and the comparison of the handwriting on the check here alleged to be forged and the signatures written in the presence of the jury tended to identify him as the author of all the writings, and as being the person who bought the clippers and tendered the forged check in payment thereof.

In the chapter on Forgery in 12 R. C. L., page 168, § 31, it is said: "However, evidence of distinct offenses of the same character committed by the accused is admissible, though not contemporaneous nor a part of the same transaction, if it shows or tends to show that the accused had adopted the same plan to utter forged instruments in other cases as is charged by the prosecution in the case on trial."

Upon a consideration of the whole case we find no prejudicial error, and the judgment is affirmed.