Ross *v*. STATE.

Opinion delivered March 17, 1930.

*John Mayes*, for appellant.

*Hal L. Norwood*, Attorney General, and *Robert F. Smith*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Washington County for the crime of murder in the second degree, and, as a punishment therefor, was adjudged to serve a term of two years in the State penitentiary. An appeal has been duly prosecuted to this court from the judgment.

Appellant unintentionally killed Rube Phillips, an innocent bystander, when shooting at Toney Eden, with whom he was fighting.

Two assignments of error are urged for a reversal of the judgment; the first for excluding certain evidence, and the other for giving instructions numbered 7 and 11.

1. The evidence excluded had relation to the details of a recent altercation between appellant, on the one part, and Mose and Cliff Brown on the other in which appellant received wounds which the court refused to let him exhibit to the jury. Cliff Brown was in company with Toney Eden on the night the homicide occurred for which he was indicted, and was heard to say to Cliff Brown: "Leave the son-of-a-bitch to me; I will attend to him" (meaning appellant). This association and remark were made the basis for the request to testify in detail concerning the former difficulty and to exhibit appellant's knife wounds to the jury for the alleged purpose of showing appellant's state of mind, and whether Eden or himself was the aggressor. The rule is that previous trouble, threats, etc., between parties are admissible to show the state of mind of either party, and which likely was the aggressor in the subsequent difficulty. *Crafford v. State*, 169 Ark. 225, 273 S. W. 13; *Crews v. State*, 179 Ark. 98, 14 S. W. (2d) 261. This rule, however, can have no application in the instant case, because appellant did not offer to connect Eden with the difficulty between the Browns and himself. The trial court allowed appellant to testify that he and the Browns had had a serious difficulty a short time prior to the difficulty with Eden, and we think the admission of this testimony was more favorable to him than he was entitled to under the rule.

2. Appellant assails instruction number 7, advising the jury of its duty to reconcile the testimony of all the witnesses, if possible, so that it might stand and be taken as true, because he emphasized the difficulty of doing so. The court remarked, in advising the jury to reconcile the testimony of the several witnesses, if possible, "that there is not one case in a million where you can"; then proceeded to inform it of its duty in case it should be unable to reconcile the testimony. It is not

contended that the instruction is erroneous in any other particular. We think the objectionable language should have been met by a specific objection, and not a general one. The instruction was not inherently defective, and the attention of the court should have been called particularly to the objectionable language. It is true the language was an exaggeration, but we do not think it was prejudicial.

Appellant also assails instruction No. 11, relating to the law of self-defense, because the alleged effect thereof was to deprive appellant of his defense. The instruction complained of had relation to the law of self-defense applicable to one who provoked a difficulty. The rule announced was a correct declaration of the law in the instant case because the evidence was conflicting as to whether appellant or Eden was the aggressor in the difficulty. The testimony on behalf of the State showed that appellant attended a dance at the home of Charles Goldman, where the homicide occurred, and, in the course of a quarrel with Eden, cursed and charged him with being "one of Mose Brown's men"; that Eden struck him several times and drew a knife whereupon appellant drew a pistol; that Goldman ordered them out of his house; that Eden and Brown left the room first, and that appellant stopped near the door and fired an automatic pistol at Eden three or four times striking him in the arm, and killing Rube Phillips.

The testimony introduced by appellant was to the effect that, as he walked out of the door, Eden attacked him with the knife, and was attempting to cut him when he fired upon Eden.

Under the conflict in the evidence, the instruction complained of was not inapplicable or erroneous.

No error appearing, the judgment is affirmed.

Justices KIRBY and BUTLER dissent.