WILSON *v.* STATE.

Opinion delivered July 6, 1931.

*Dean, Moore & Brazil,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

MEHAFFY, J. Appellant was indicted and convicted of the crime of forgery and the crime of uttering a forged instrument, and his punishment was fixed at two years' imprisonment in the penitentiary.

Motion for a new trial was filed and overruled, and the case is here on appeal.

He was charged with forging a check and the name of the supposed maker, who was alleged to be a fictitious person. He was also charged with uttering the forged instrument.

The evidence on the part of the State tended to show that the appellant had drawn a check on the Bank of Scotland, bearing the signature of R. O. Jones, for the sum of $6; that said check was returned marked No. AC.; and that there was no R. O. Jones in Van Buren County. A number of witnesses testified to different checks alleged to have been forged and passed in the same way, and the evidence also shows that the persons whose names were signed to the checks were fictitious persons.

The evidence on the part of the appellant tended to show that he was a dentist, and did work in 4 or 5 counties, and that he did dental work for R. O. Jones and received the check in part payment of the account. The appellant testified that he made special engagements at different towns in Van Buren County and had done this for 15 or 16 years for the practice of dentistry; that he did not know R. O. Jones personally, but that he knew his face, and that Jones came in and spoke to him as if he were glad to see him, and Jones told him he lived out 4 or 5 miles from Scotland; that he took the checks because he thought Jones would be back to get the work finished. He testified about the other checks that were introduced, but he did not know the parties from whom he claimed to have received the checks, and these parties could not be found.

The appellant contends that the court erred in admitting testimony relative to other checks than the one to R. O. Jones. The appellant was tried for forging the R. O. Jones check and uttering the R. O. Jones check.

The court admitted in evidence a list of checks ranging in amount from $2.50 to $12.50, one of the checks being dated July 14, 1927, one in 1928, one in 1929, and the others during the year 1930. All of the checks introduced were passed by the appellant about the same time that the check of R. O. Jones was cashed, but the State introduced evidence of these other checks of an earlier date, but did not introduce the checks themselves. All of this testimony was introduced over the objection of appellant. This court recently said:

"And so, too, it is held that one offense cannot be proved by the evidence of the commission of another offense unless the two are so connected as to form a part of one transaction. But, as wholly independent acts, the commission of one offense cannot be shown by evidence of the commission of another. And the introduction of such testimony is also inadmissible because it raises another and different issue which would call for the introduction of other testimony upon such issue and thus would involve the true and specific issue presented to the jury for its determination, whether the defendant was guilty of the specific crime charged in the indictment." *Williams* v. *State*, 183 Ark. 870, 39 S. W. (2d) 295.

The above is a statement of the general rule to which there are many exceptions. Evidence of similar forgeries is admissible to show a uniform course of acting from which guilty knowledge and criminal intent may be inferred. In other words, the evidence of other forgeries is admissible, not to prove the commission of the crime for which the party is being tried, but to prove guilty knowledge or intent. Underhill's Criminal Evidence, § 629.

"Evidence of collateral offenses often becomes relevant where it is necessary to prove *scienter* or guilty knowledge, even though the reception of such evidence might establish a different and independent offense. * * * It is equally important in forgery or counterfeiting to establish *scienter*. The accused is charged with holding or circulating forged paper. He may hold one without

being justly chargeable with knowledge of its character; when 3 or 4 are traced to him, suspicion thickens; if 15 or 20 are shown to have been in his possession at different times, then the improbability of innocence on his part decreases in proportion to the improbability that such paper could have been in his possession without his knowledge of the true character of the paper. If the accused is charged with knowingly making or holding or passing the forged paper, the possession being shown but knowledge of its character being disputed, the fact to be proved is that the knowledge was guilty knowledge; and it is admissible to show that shortly before or after the fact charged he had made or had held or had uttered similar forged instruments to an extent that renders it improbable that he should have been ignorant of the forgery." 1 Wharton's Criminal Evidence, page 135 et seq.

As a general rule, it must appear that the evidence of other offenses relate to offenses that occurred shortly before or after the commission of the offense for which the accused is being tried. *Melton* v. *State,* 165 Ark. 448, 275 S. W. 701; *Beck* v. *State,* 141 Ark. 102, 216 S. W. 497; *Yellington* v. *State,* 169 Ark. 359, 275 S. W. 701.

It would be difficult to lay down any rule fixing the time of the commission of the collateral offenses before or after the commission of the crime for which the party is being tried. All the checks that were introduced in this case were competent, because they tended to show a system of operating from the date of the first check continuously to the date of the check for the forgery for which he was being tried.

"The evidence of these crimes tended to show the system or method of procedure employed by appellant to defraud, and the comparison of the handwriting in the check here alleged to be forged, and the signature written in the presence of the jury tended to identify him as the author of all the writings and as the person who bought the clippers and tendered the forged check in

payment thereof.'' *Walker* v. *State,* 171 Ark. 375, 284 S. W. 36.

Moreover, this class of evidence must be limited within such a period that it may naturally be seen to throw light as to the intent with which the act under investigation was committed; and the question of time during which other acts may be proved seems to be largely within the trial court's discretion. However, evidence of distinct offenses of the same character committed by the accused is admissible, though not contemporaneous nor a part of the same transaction, if it shows or tends to show that the accused had adopted the same plan to utter forged instruments in other cases as is charged by the prosecution in the case on trial.'' 12 R. C. L. 168.

The testimony as to the other checks tended to show that the appellant had adopted a certain plan to utter forged instruments, and that all of the checks were forged in the prosecution of this plan.

It is next contended that the court erred in giving the jury instruction No. 7, which is as follows: ''The defendant is specifically charged in this indictment with forging the check signed by R. O. Jones, and in the second count specifically charged with uttering a forged instrument, the same being a check of R. O. Jones. The other checks alleged to have been written by the defendant have been introduced in evidence, and the court instructs you that you cannot convict the defendant of any of these other alleged checks. They are only introduced to you for the purpose of shedding some light on whether the defendant is guilty or innocent of the charge in this particular indictment.''

The appellant does not set out any other instruction. No specific objection was made to this instruction. There was a general objection. The instruction is not inherently wrong. Doubtless the trial court would have made any corrections suggested by appellant, but no modification was suggested. The purpose of introducing evidence of collateral offenses is to show intent or guilty

knowledge, but the instruction was not objected to on this account.

"The instruction was not inherently defective and the intention of the court should have been called particularly to the objectionable language. It is true the language was an exaggeration, but we do not think it was prejudicial." *Ross* v. *State,* 181 Ark. 331, 25 S. W. (2d) 769; *Edwards* v. *State,* 180 Ark. 363, 21 S. W. (2d) 850.

There is substantial evidence to sustain the verdict, and the judgment is affirmed.