Sibeck *v.* State.

Cr. 3805

Opinion delivered October 3, 1932.

*Robert L. Rogers, John C. Sheffield* and *Dillon & Robinson,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

Humphreys, J. Appellant was indicted, tried and convicted in the Pulaski County Circuit Court, First Division, for the crime of subornation of perjury for procuring Lee Weber to swear falsely on May 15, 1931, to an affidavit substantiating an account against said county in the sum of $4,034.33 for supplies sold to said county for its hospital, and, as a punishment therefor, was adjudged to serve a term of one year in the State Penitentiary, from which is this appeal.

Two alleged errors are urged by learned counsel for a reversal of the judgment.

First, it is argued that there is no legal evidence in the record to sustain the judgment of conviction, and, second, that the testimony introduced relative to other crimes was inadmissible and prejudicial to the rights of appellant.

(1) The record made by the State reflects that appellant, county judge, appointed Ralph Thomas county comptroller, Henry Hilliard, purchasing agent, and Mrs.

Harrell as receiving agent for supplies sold for use in the county hospital; that appellant directed Hilliard to buy the major portion of meats and groceries for the hospital from Lee Weber; that, pursuant to the direction, supplies for the hospital during the months of April, May and June, 1931, were ordered from Lee Weber, who ran a small grocery store and meat market, to the amount of $12,204.17, out of a total of $15,096.04 purchased therefor; that during the month of April, 1931, supplies were ordered from him in the sum of $4,034.33, out of a total of $5,149.68 purchased therefor; that the total ordered for the use of the patients and employees therein was much more than they could have consumed; that in the month of April, Lee Weber signed the name of the purchasing agent to the requisitions made upon him for the supplies, and likewise signed the name of Mrs. Harrell to many of the receiving slips for supplies; that items for milk were carried on Weber's account as beans to cover up the source from which the milk was obtained; that Weber was a contributor of $4,000 or more to appellant's campaign fund and a fund to influence legislation; that in July, 1931, the State auditorial department, pursuant to law, audited the accounts of Pulaski County, which disclosed the fact that appellant had allowed claims filed against the county by 555, Inc., and Kern-Limerick Company for large amounts of merchandise which had never been delivered to the county, and that, out of the amount received for the goods which had not been delivered 555, Inc., had contributed four or five thousand dollars to appellant's campaign fund and legislative fund, and that Kern-Limerick Company had contributed either to said funds or to appellant as secretary of a county court fund, $2,500; that, after this discovery was made, 555, Inc., refunded to the county $15,400 and Kern-Limerick Company refunded $2,500; that the campaign and legislative funds derived by appellant in this manner amounted to more than $20,000.

We think, from the facts detailed above, the jury might have reasonably concluded that appellant adopted this plan or scheme to raise campaign or legislative funds by padding orders or requisitions issued on behalf of the county for merchandise; and to reasonably infer that Lee Weber falsified his April, 1931, account by including groceries and meats therein which he never delivered, by and with the approval and consent of appellant.

There is ample testimony in the record to sustain the verdict and judgment.

(2)   The insistence that the testimony relative to the transactions with 555, Inc., and Kern-Limerick Company was erroneously admitted in evidence because separate and distinct offenses is not sound.   The testimony relative to these offenses tended to show a system adopted by appellant and his friends to defraud the county and to prove the scienter laid in the indictment.   The offenses were similar in nature, all involving appellant and covering a reasonably short period of time, and were admissible under the rule announced in the case of *Howard* v. *State,* 72 Ark. 586, 82 S. W. 196, and reiterated in the case of *Wilson* v. *State,* 184 Ark. 119, 41 S. W. ('2d) 764.

No error appearing, the judgment is affirmed.