SCRAPE *v.* STATE.

Crim. 3883

Opinion delivered May 7, 1934.

*Coulter & Coulter,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of the crime of robbery of a filling station in Little Rock on November 9, 1933, and sentenced to five years in the penitentiary. The deputy prosecuting attorney, in his opening statement to the jury, said: ''I think the testimony will show that this was one of a series of robberies in which this boy was engaged.'' An objection was made to this statement, which was overruled by the court. During the trial, L. R. Biggs, a witness for the State, and the operator of another filling station in Little Rock, was permitted to testify, over appellant's objections, that appellant and

two others attempted to rob him on November 10, 1933, the day following the date of the robbery for which he was on trial, and that appellant later admitted to him that he was one of the three boys that attempted to hold him up. In this connection, the court gave to the jury, over appellant's objections and exceptions, instruction No. 5, which reads as follows: "The defendant is being tried alone for the crime of robbery. The State has attempted to show by testimony that this defendant engaged in an attempted crime of robbery on the night following the date of the crime for which he is now being tried is alleged to have been committed. If you should believe from the evidence that the defendant did attempt to commit robbery on the night following the alleged crime for which he is being tried, it might be considered by you as showing, if it does so show, a scheme and a design on the part of the defendant in the commission of crime, and for no other purpose; and, even though you should believe him guilty of attempted robbery committed on the day following the day of the robbery for which he is now being tried, yet that would not be sufficient to warrant his conviction on the charge for which he is now being tried unless you believe he was guilty on this particular charge beyond every reasonable doubt." These matters are urged here for a reversal of the judgment of conviction.

A number of decisions of this court are cited to the effect that evidence of other crimes is not admissible to prove guilt of the particular crime for which the accused is on trial, for the reason that the State cannot resort to proof of his bad character as a circumstance from which guilt may be inferred. On the other hand, we have many times held that evidence of similar crimes closely connected with the crime charged, is admissible, not only to show knowledge or intent, but to show a system, plan or scheme of conduct on the part of the accused. Many such cases might be cited. They are collected in Crawford's Digest under Criminal Law, § 92. Two of the recent cases on the subject are *Wilson* v. *State*, 184 Ark. 119, 41 S. W. (2d) 764, and *Sibeck* v. *State*, 186 Ark. 194, 53 S. W. (2d) 5.

We are therefore of the opinion that the testimony of the witness, Biggs, was properly admitted and properly limited in instruction No. 5, above set out. It follows that the judgment must be affirmed, as these are the only assignments of error relied upon.