SHOCKLEY *v.* STATE

4144                                      133 S. W. 2d 630

Opinion delivered November 13, 1939.

*Harper & Harper,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Crawford county for the crime of negligent homicide for running over Billy Bradley with a truck on the 23rd day of January, 1938. He was tried and convicted and sentenced to serve a term of six months in the county jail of Crawford county as a punishment therefor and from the judgment of conviction he has duly prosecuted an appeal to this court.

Appellant filed a motion to quash the regular panel of the petit jury because Pearcy Bradley, the father of Billy Bradley, was a member thereof and was one of the prosecuting witnesses against appellant, which motion was overruled by the court over the objection and exception of appellant.

He also filed a motion to continue the cause until the next term of court for the same reason, which motion was overruled by the court over the objection and exception of appellant.

It was alleged in the motions that Pearcy Bradley would have an opportunity to associate with the other jurors on the panel and that, together with the fact that his fellow jurors would be hesitant to return a verdict of not guilty against appellant who was charged with the killing of the son of a fellow juror, would have prevented appellant from getting a fair and impartial trial.

The court in refusing to quash the panel and in refusing to grant a continuance made the following statement:

"Let the record show that Pearcy Bradley has been regularly selected and impaneled and sworn as a petit juror to serve during the present term of court and that he is the father and administrator of the estate of Billy Bradley, deceased, and also the prosecuting witness against the defendant, Sam Shockley, and also let the record show that Pearcy Bradley was impaneled this morning and that the said Pearcy Bradley has not served as a petit juror with any of the other members on the regular panel of the present term of court and for that reason the motions heretofore filed will be overruled and exceptions saved."

We do not think overruling the motion to quash the panel or to grant a continuance was error since Pearcy Bradley had had no opportunity to associate with the other jurors on the regular panel or that any of the jurors who served in appellant's case had served with Pearcy Bradley in any other case. In the case of *Missouri Pacific Railroad Company* v. *Watt*, 186 Ark. 86, 52 S. W. 2d 634, this court sustained the trial court in refusing to quash the jury panel on a finding by the trial court that the litigant had not yet served on the jury and had not associated with the other members of the panel. It is true the Watt case was a civil proceeding but we see no difference in principle in a civil proceeding and a criminal proceeding. In order to justify a trial court in quashing the panel there must be a substantial irregularity in selecting or summoning the jury, or in drawing the panel by the clerk. Section 3987 of Pope's Digest reads as follows:

"A challenge to the panel shall only be for substantial irregularity in selecting or summoning the jury, or in drawing the panel by the clerk."

The trial court did not commit reversible error in overruling the motions as we have concluded that this assignment of error is without merit.

It affirmatively appears from the facts herein stated that no prejudice resulted to appellant because Pearcy Bradley had served as a member of the regular panel; but the practice should be disapproved of permitting one to serve on the regular panel who has the interest in litigation pending before the court, which Bradley was shown to have had. In such circumstances the jurors should be excused from further service where his interest in pending litigation has been made to appear.

The only other assignment of error insisted upon for a reversal of the judgment of conviction is that the trial court erred in admitting the testimony given by appellant in a civil suit brought by Pearcy Bradley as father and administrator of the estate of Billy Bradley wherein a judgment was obtained against appellant and

others in favor of Pearcy Bradley for himself as father and as administrator in the sum of $5,000.

Appellant did not testify in the instant case and learned counsel for appellant take the position that the admission of his testimony in the civil case was tantamount to compelling appellant to testify against himself and they cite paragraph 8 of article 2 of the Constitution of 1874, which reads as follows: ". . . nor shall any person be compelled in any criminal case, to be a witness against himself."

The testimony the appellant gave in the civil suit was an admission as to how the accident occurred and was an attempted justification of his conduct and actions at the time he ran over the boy. This court said in the case of *Tiner* v. *State,* 110 Ark. 251, 161 S. W. 195, that: "Evidence of a party's voluntary declarations showing how the alleged crime was committed is admissible against him without regard to whether they were favorable or adverse to his interest at the time of utterance. Such testimony, giving the explanation of the defendant himself as to the transaction, is admissible at the instance of the state no matter whether they were against the defendant's interest at the time he made them or not. . . ."

The general rule announced in 16 C. J., § 1255, p. 631, is as follows: "The admissions which are received against defendant in a criminal prosecution include those which are made by him in civil actions or proceedings, . . ."

Moreover, in the instant case, no prejudice resulted to appellant on account of the introduction of his testimony given in the civil case which was introduced in the criminal proceeding for the reason that he made the same statement as to how the accident occurred to a number of witnesses whose testimony was introduced prior to the introduction of the testimony he gave in the civil suit. His testimony in the civil suit was merely cumulative of the statements he had made to others relative to how the accident occurred.

No error appearing, the judgment is affirmed.