CASTEEL v. STATE.

4275                                                      ·167 S. W. 2d 634

Opinion delivered January 11, 1943.

*Wesley Howard* and *Byrum Howard*, for appellant.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

HOLT, J.   On information, appellant was charged with the crime of arson. It was alleged that he did "felo-

niously aid, abet, assist and advise and encourage the burning of a 1935 . . . Pontiac automobile . . . the property of Morris Henson, Bert Casteel (appellant) and Porter Wilson Finance Company''; that Rellis Garrett, (an accomplice), did the actual burning, and that the automobile was worth more than $25. Upon trial appellant was convicted, and the jury fixed his punishment at three years in the state penitentiary. From the judgment on this verdict comes this appeal.

For reversal appellant urges here, first, that the evidence was not sufficient to support the verdict and that the trial court erred in refusing his request to so instruct the jury, at the conclusion of the testimony.

The state relied largely upon the testimony of Rellis Garrett, an accomplice. Garrett testified that he burned the car in question at appellant's request and that he was working for him at the time; that appellant operated a store at Hot Springs, Arkansas, and also one at De-Queen; that at the direction of appellant he (Garrett) started from Hot Springs driving the car in question on the highway leading to DeQueen; that appellant's son, J. R. Casteel, drove another car, a '32 Chevrolet for his father in advance of Garrett along the same highway from Hot Springs to DeQueen; that shortly before reaching DeQueen, Garrett, following instructions from appellant, stopped the Pontiac, poured some gasoline on part of the upholstery and applied a match; that on observing that there was not sufficient gasoline to burn the car he temporarily put out the fire, left the car, caught a ride into DeQueen, and reported to appellant; that appellant gave him a dollar, directed him to get something to eat and sufficient gasoline to finish burning the car and told him to use his (appellant's) blue Ford V-8 coupe; that after procuring the gasoline, he, Garrett, drove back in appellant's Ford coupe to the Pontiac, applied more gasoline and finished burning it, and that he had burned several other automobiles of appellant, at his instance, shortly before the one in question here.

J. R. Casteel corroborated the testimony of the accomplice, Garrett, that Garrett drove the Pontiac from

Hot Springs to the point on the highway where it burned, and that appellant told Garrett to drive this particular car, and his statement that appellant owned a blue Ford coupe automobile.

Lee Allen, who investigated the fire for certain insurance companies, testified that the draft in payment for the burned car in question was made payable to Porter Wilson and appellant; that the policy on the car was carried in the name of Porter Wilson Finance Company and Morris Henson, and that there was a purported signature of Henson on proof of loss directing the draft to be paid to Porter Wilson and appellant. Henson denied that he had signed the proof of loss on which the draft was issued. Allen further testified that this proof of loss was notarized by Millie Mae Pennix, an employee of the Porter Wilson Finance Company.

Jack McKenzie, a representative of the National Board of Fire Underwriters, testified that appellant was questioned by him and the State Fire Marshal after the fire, and admitted that he was in DeQueen for an hour or two when Garrett came in from Hot Springs, and had given Garrett, the accomplice, a dollar with which to get himself something to eat.

There was other evidence which we deem it unnecessary to set out.

In the instant case appellant did not testify. The statute provides that ''a conviction can not be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof'' etc. (§ 4017, Pope's Digest).

This court in the recent case of *Fleeman and Williams* v. *State,* 204 Ark. 772, 165 S. W. 2d 62, with reference to this section of the Statute, reiterates the long established rule in this language: ''The rule in this state is that the corroborating evidence need only tend to connect the defendant with the commission of the offense, and not that such evidence of itself be

sufficient, and where there is substantial corroborating evidence tending to connect the defendant with the offense, its sufficiency is a question for the jury, together with that of the accomplice. *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Mullen* v. *State,* 193 Ark. 648, 102 S. W. 2d 82; *Smith* v. *State,* 199 Ark. 900, 136 S. W. 2d 673; *McDougal* v. *State,* 202 Ark. 936, 154 S. W. 2d 810.'' See, also, *Powell* v. *State,* 177 Ark. 938, 9 S. W. 2d 583.

With this rule in mind, and viewing the testimony in the light most favorable to the state, as we are required to do, *Slinkard* v. *State,* 193 Ark. 765, 103 S. W. 2d 50, it is our view that when all of the testimony is considered together there is evidence of a substantial nature tending to corroborate that of the accomplice, and sufficient to support the jury's verdict.

Appellant next complains because the court permitted, over appellant's objections, certain testimony of Jack McKenzie. On this point the record reflects that McKenzie and the State Fire Marshal secured a signed statement from appellant which was sworn to by him. The court did not permit the admission of this statement, but permitted counsel for the state to interrogate the witness concerning admissions made by appellant as to his whereabouts when the fire in question occurred. McKenzie was asked whether appellant admitted giving Rellis Garrett a dollar on the day of the fire, and without objections he stated that he did. Later the witness was asked whether appellant had stated that he was out of DeQueen the afternoon or the time that the fire occurred, and witness stated that appellant said he was in DeQueen when Garrett came in there for an hour or two afterwards. Appellant's objection to this testimony is that it, in effect, compelled appellant to give testimony against himself in contravention of his constitutional rights. Art. 2, § 8 of the Constitution. The record reflects that appellant introduced witnesses to prove that he was out of DeQueen on the afternoon the fire occurred or at about the time the fire was set. We think it was proper for the appellee to show an admission by appellant that he was in DeQueen the after-

noon the fire occurred and was not elsewhere, as some of his witnesses had testified. This admission on the part of appellant was in effect a declaration against himself.

In *Shockley* v. *State,* 199 Ark. 159, 133 S. W. 2d 630, this court held admissions such as we have here permissible. It is there said: ''Appellant did not testify in the instant case and learned counsel for appellant take the position that the admission of his testimony in the civil case was tantamount to compelling appellant to testify against himself and they cite § 8 of art. 2 of the Constitution of 1874, which reads as follows: '. . . nor shall any person be compelled in any criminal case, to be a witness against himself.' The testimony the appellant gave in the civil suit was an admission as to how the accident occurred and was an attempted justification of his conduct and actions at the time he ran over the boy. This court said in the case of *Timer* v. *State,* 110 Ark. 251, 161 S. W. 195, that: 'Evidence of a party's voluntary declarations showing how the alleged crime was committed is admissible against him without regard to whether they were favorable or adverse to his interest at the time of utterance. Such testimony, giving the explanation of the defendant himself as to the transaction, is admissible at the instance of the state no matter whether they were against the defendant's interest at the time he made them or not. . . .' ''

Finally, appellant urges that the trial court erred in permitting witnesses, J. O. Langley and Rellis Garrett, to testify as to transactions of insurance on other automobiles, and as to the alleged burning of these cars. The testimony is to the effect that this testimony concerned other automobiles, in which appellant was interested, which were insured and burned within a period of time shortly before the one in question here, and closely connected with its burning. This testimony, under proper instructions from the court, was permitted to go to the jury solely for the purpose of determining appellant's motive, scheme, design or intent, and we think was properly admitted.

In the comparatively recent case of *Scrape* v. *State,* 189 Ark. 221, 71 S. W. 2d 460, it is said: ". . . On the other hand, we have many times held that evidence of similar crimes closely connected with the crime charged, is admissible, not only to show knowledge or intent, but to show a system, plan or scheme of conduct on the part of the accused. Many such cases might be cited. They are collected in Crawford's Digest under Criminal Law, § 92. Two of the recent cases on the subject are *Wilson* v. *State,* 184 Ark. 119, 41 S. W. 2d 764, and *Sibeck* v. *State,* 186 Ark. 194, 53 S. W. 2d 5."

Finding no error, the judgment is affirmed.