ABRAHAM SIRVINT, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.*

First Department, June 29, 1934.

* Affd., 266 N. Y. ——.

*William E. Robinson* of counsel [*Thomas E. White* with him on the brief; *Thomas E. White*, attorney], for the appellant.

*Abraham Greenberg*, for the respondent.

UNTERMYER, J. The complaint alleges a cause of action upon a policy of insurance known as a " Messenger and/or Interior Robbery Policy," issued by the defendant on October 8, 1930, for a loss sustained by the plaintiff in consequence of robbery. The answer denies various allegations of the complaint but admits the execution of the policy and sets forth, as an affirmative defense, that the policy contains the following warranty: " The Assured has not sustained nor received any indemnity for any loss or damage by Burglary, Theft or Robbery within the last five years, except as follows: No exceptions." It is then alleged that the assured, the plaintiff in this action, had sustained a loss by burglary, theft or robbery within the last five years before the execution of the policy and that the warranty contained in the policy was false. The plaintiff served a reply in which he does not deny the warranty and in which he furthermore " admits that the plaintiff herein has sustained a loss by burglary, theft or robbery within five years from October 8, 1930, the date the said policy went into effect, but that the said loss was not covered by any insurance nor did the assured receive any indemnity therefor."

The question presented is whether it is the meaning of this provision of the policy that the assured within five years had not sustained any loss or damage by burglary, theft or robbery nor received indemnity for any loss or damage so incurred or whether, as the court below decided in denying the defendant's motion for judgment on the pleadings, the meaning can reasonably be ascribed to it that the assured only warranted that he had not received indemnity for such a loss. If the provision of the policy is ambiguous, then the motion was properly denied. (*Dilleber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Nellis* v. *Western Life Indemnity Co.*, 207 id. 320.) If, on the contrary, the meaning is free from any doubt, the plaintiff should not be permitted to maintain the action upon the mere assertion of a claim of ambiguity which the language of the policy does not justify.

We are of opinion that the language of the warranty is not ambiguous and that, fairly construed, it is susceptible of only one interpretation. For, if we attempt to interpret the provision as the plaintiff suggests, it produces a result which is too absurd

to be seriously entertained. We must then read the warranty as providing that the assured " has not sustained * * * indemnity " for loss or damage by burglary, theft or robbery. It is incredible that any one reading the warranty could place upon it a construction which would make " indemnity " the direct object of the word " sustained." The only construction which is consistent with the language of the warranty is to imply the clause " any loss or damage by Burglary, Theft or Robbery within the last five years " to follow the word " sustained." The omission of a word or clause to avoid repetition is a common grammatical practice known as elliptical construction. A sentence so constructed is ambiguous only when the omission renders possible more than one interpretation. Here it does not do so and the warranty is, therefore, not ambiguous.

The intention would perhaps be even clearer if the clause " nor received any indemnity for " were separated by commas. But the absence of punctuation is not fatal where, even without punctuation, the meaning is clearly expressed. (*Ewing* v. *Burnet*, 36 U. S. [11 Pet.] 41, 54; *Brown* v. *Public Service R. Co.*, 98 N. J. L. 747.) " The words control the punctuation marks, and not the punctuation marks the words." (*Holmes* v. *Phenix Ins. Co.*, 98 Fed. 240.)

The order should be reversed, with twenty. dollars costs and disbursements, and the motion granted.

FINCH, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

MARTIN, J. (dissenting). The policy of insurance under consideration was prepared and issued by the defendant and not by the plaintiff. The defendant is, therefore, chargeable with the form thereof. If it is ambiguous, the fault is with the defendant and not with the plaintiff. Those applying for a policy of insurance should not be required to be experts in the construction thereof. Concededly, most people who apply for insurance are not experts in grammatical construction. The applicant has no choice in nor the right to dictate the form which the insurer will use but must accept the company's form. Having done so, it would be unfair now to hold that because the form is incorrect, the company may escape liability.

The insured takes the policy as it reads; if it is ambiguous or does not express the meaning that the insurer, the defendant herein, intended, the plaintiff should not be held responsible for that fact.

I agree with the court at Special Term that the clause in question is susceptible of plaintiff's construction and that in order to give it the meaning contended by the defendant, it is necessary to read into it certain words. It should not be necessary for an insured to read any words into forms prepared by an insurance company. That understanding of the clause in question which the insurer had when the policy was issued should be adopted.

The court at Special Term properly denied the motion and I vote to affirm.

MERRELL, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion granted.