AMERICAN REPUBLIC LIFE INS. CO. *v.* CUMMINGS, JUDGE.

4-9517                                                  239 S. W. 2d 10

Opinion delivered May 7, 1951.

*Talley & Owen* and *Robert L. Rogers, II,* for petitioner.

*F. O. Butt,* for respondent.

GEORGE ROSE SMITH, J. This petition for a writ of prohibition was filed by the American Republic Life Insurance Company, asking us to prohibit the circuit court of Carroll County from entertaining a suit brought by Denver Ames against the petitioner. In the complaint below Ames alleged that he had been a policyholder of

the petitioning insurance company from 1945 until the insurer canceled the policy in 1950. The complaint avers that while the policy was in force the insurer regularly collected from the plaintiff three times the amount of the agreed premium. The prayer is for judgment in the sum of $240, being the amount of the plaintiff's over-payments.

The defendant appeared specially and moved to quash the service on the ground that Carroll County is not the proper venue. It is shown that this insurance company is an Arkansas corporation having its only office in Pulaski County. The insurer insists that a suit of this kind can be maintained only in Pulaski County. The circuit court overruled the motion to quash service, and this application for a writ of prohibition was then filed.

Ames, the plaintiff below, concedes that ordinarily a domestic corporation must be sued in the county where it has its principal place of business, with some exceptions not now material. Ark. Stats. 1947, § 27-605. It is contended, however, that § 66-516 permits Ames to bring his suit in the county of his residence. This statute reads: "When any loss shall occur by fire, lightning or tornado, in the burning, damage or destruction of property upon which there is a policy of insurance, or when any death has occurred of a person whose life shall have been in-sured, or in case of death or injury of any one having a policy of accident insurance, the assured or his assigns, in case of fire insurance, on automobile or motor vehicle, may maintain an action against the insurance company taking the risk, in the county where the loss occurs, or in the county where the insured resides and maintains his residence at the time said fire occurred. And the bene-ficiary or his assigns, in case of life insurance, may main-tain an action against the insurance company that has taken the risk, in the county of the residence of the party whose life was insured, or in the county where the death of such party occurred. And the beneficiary in the case of a policy of accident insurance may maintain an action against such accident company that has taken the risk,

in the county of the residence of the party insured, or in the county where the accident occurred  . . ."

Ames' suit is to recover excessive premiums paid upon a policy of accident insurance. We find nothing in the quoted statute that authorizes the bringing of such a suit in the county of the plaintiff's residence. The first sentence of the statute relates to suits for a loss under the policy. The word "loss" has an established meaning in the field of insurance, which is: "Death, injury, destruction, or damage, in such a manner as to charge the insurer with a liability under the terms of the policy." Webster's New International Dictionary, Second Edition. It is evident that a suit to recover overpaid premiums is not an action for an insurance loss.

The second and third sentences of the statute deal with suits by the beneficiary of the policy. Ames' action is manifestly not brought in the capacity of a beneficiary, who is "the person named in a policy of insurance  . . . as the one who is to receive the proceeds or benefits accruing thereunder." Webster's, *supra*. Here Ames must bring his suit as the insured, and the statute in question is not broad enough to include such an action.

Writ granted.