OPAL MUNSON v. BOBBY M. MASON, GUARDIAN, ET AL

5-4680                                          434 S.W. 2d 815

Opinion Delivered November 25, 1968
[Rehearing denied January 13, 1969.]

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellant.

*Herrod & Cole* for appellees.

GEORGE ROSE SMITH, Justice.   This action was brought by two of the appellees, Mrs. Bobby M. Mason and her 13-year-old daughter, Sandra Kay, for personal injuries, and by the third appellee, Bobby M. Mason, for loss of consortium, medical expenses, and property damage.   The jury awarded $2,900 to Mason, $1,500 to his wife, and $200 to Mason as the natural guardian of his daughter.

The plaintiffs filed a motion for a new trial, principally upon the ground that the evidence clearly established pecuniary injuries in excess of the verdicts. The trial judge set aside all three awards, finding that the verdict "failed to do justice and enforce the rights of the parties."   This appeal is from the order granting a new trial.

In the court below there was no issue of comparative negligence.   As the defendant, Mrs. Munson, was driving her car on a street in North Little Rock her brakes suddenly failed.   In an effort to avoid a collision Mrs. Munson swerved to her left and over the curbing, but she eventually struck the rear end of the Mason car, which was being serviced in a filling station. Mrs. Mason and Sandra Kay were sitting in the front seat.   Mrs. Mason's neck, shoulder, and back were injured, although the extent of her injuries was a matter of much dispute.   Sandra Kay suffered a fractured arm, which was set promptly and healed satisfactorily.

We find no abuse of discretion insofar as Mason is concerned.   According to the testimony, his car was worth $4,400 immediately before the accident and $1,500 immediately after it.   Thus the $2,900 verdict fully compensated him for his property damage.   It is undisputed, however, that he also incurred medical expenses for his wife's and daughter's injuries in excess of $2,-375.   Although the jury may have believed that not all

those expenses were necessarily attributable to the accident, unquestionably some of them were. If the trial judge found that, by the weight of the evidence, Mason's pecuniary injuries exceeded the amount of the award, it was his duty to set it aside upon the plaintiff's motion. *Bockman* v. *World Ins. Co.* 222 Ark. 877, 263 S.W. 2d 486 (1954). We cannot say that the judge abused his discretion. To the contrary, in our opinion the preponderance of the proof supports his action.

A different question is presented in the case of Mrs. Mason and Sandra Kay. The controlling statute provides: ''A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained.'' Ark. Stat. Ann. § 27-1902 (Repl. 1962). We have construed the statute to mean that in a personal injury case a new trial cannot be granted for the inadequacy of the verdict (except one for nominal damages) when the injury, such as pain and suffering, is not susceptible of definite pecuniary measurement. *Worth James Construction Co.* v. *Herring*, 242 Ark. 156, 412 S.W. 2d 838 (1967).

That case is controlling here. Neither Mrs. Mason nor Sandra Kay asserted any cause of action for injuries that were pecuniarily measurable, nor was any such cause of action on their part submitted to the jury. The court's order granting a new trial did not specifically mention the inadequacy of the verdicts, but no other basis for the order is to be found in the record. We are compelled to conclude that the court's action was contrary to the statute.

In Mason's case the court's order was correct, but with respect to the other two plaintiffs the order is reversed and the cause remanded for reinstatement of the verdicts.