BILLY N. HARLAN ET AL *v.* C. W. CURBO
GUARDIAN AD LITEM FOR JAN CURBO A MINOR

5-5526                        446 S. W. 2d 459

Opinion delivered May 10, 1971

*John D. Eldridge* and *Terral, Rawlings, Matthews
& Purtle,* for appellants.

*Hodges, Hodges & Hodges,* for appellee.

GEORGE ROSE SMITH, Justice. The three plaintiff-appellants, Billy N. Harlan, his wife, Cherry Harlan, and their five-year-old son, Robert Harlan, brought this action for personal injuries and property damage sustained when their car ran into the back of a car being

driven by the minor appellee, Jan Curbo. The collision occurred on Highway 33 at a point several miles south of Augusta. It was the plaintiffs' theory that Curbo negligently backed out of a driveway onto the highway and had just started moving forward when his vehicle was struck from behind by the oncoming Harlan car.

The case was submitted to the jury on interrogatories. The jury apportioned the total negligence in the ratio of 40% to Billy N. Harlan and 60% to young Curbo. The verdict fixed the plaintiffs' total damages at $750 for Billy N. Harlan, $1,000 for Cherry Harlan, and zero dollars for Robert Harlan. In appealing from the judgment upon the verdicts the Harlans contend that the amount of each verdict is demonstrably inadequate. The three appellants present separate contentions, which must be discussed individually.

*First: Billy N. Harlan's verdict for $750.* According to the undisputed proof, this verdict is inadequate. It was stipulated that the damage to Harlan's car amounted to $784.50. In addition, Harlan suffered a deep cut on his scalp, which was closed by 13 surface stitches and a number of additional subcutaneous stitches. The doctor's original treatment took from 30 to 45 minutes, and Harlan had to return a few days later for the removal of the outer stitches. Yet the jury's verdict, fixed without regard to any issue of comparative negligence, was less than the stipulated property damage. The judgment therefore falls within the rule that the recipient of a substantial but inadequate award is entitled to a new trial if other prejudicial error is shown. *Smith* v. *Ark. Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411 (1935).

Such other error does appear. Even though Curbo's car had just begun to move forward, the court gave AMI 902, Civil, with respect to the superior right of the forward vehicle. In the circumstances the giving of that instruction was error, because no specific applicable purpose for which Curbo supposedly had a superior right to the use of the highway existed, and consequently no such purpose was inserted in the instruction. In *Smith* v. *Alexander,* 245 Ark. 567, 433 S. W. 2d 157

(1968), we pointed out that such a specific purpose must be inserted whenever the instruction is used.

The court also erred in instructing the jury that in passing upon the question of the plaintiffs' negligence the jurors might take into consideration the fact that seat belts were available for the plaintiffs' use. The only evidence about seat belts was a statement that such belts were available, at least for Mr. and Mrs. Harlan, and that the belts were not fastened at the time of the collision. The court had already given AMI 305B, Civil, explaining the duty of all persons involved in the occurrence to use ordinary care for their own safety. The additional reference to the Harlans' failure to use seat belts not only was an unnecessary duplication but also singled out a particular fact for undue emphasis. *Rutland v. P. H. Ruebel & Co.*, 202 Ark. 987, 154 S. W. 2d 578 (1941).

The two erroneous instructions that we have mentioned may have led the jury to attribute to Billy N. Harlan a greater percentage of the total negligence than should have been the case. Harlan's judgment must therefore be reversed and the cause remanded for a new trial.

*Second: Cherry Harlan's verdict for $1,000.* With respect to this verdict there is no prejudicial error. The two erroneous instructions already discussed were not prejudicial to Mrs. Harlan, because the court ruled that Mrs. Harlan, as a passenger in the car, was not guilty of negligence. Therefore the court did not submit the issue of her possible negligence to the jury. Since the two erroneous instructions touched only upon the matter of negligence, they did not adversely affect the jury's consideration of Mrs. Harlan's claim. (It is true that the seat belt instruction should have referred to Billy N. Harlan only, rather than to "the plaintiffs." That inaccuracy of wording would doubtless have been corrected had a specific objection been made, but no such objection was interposed.)

Thus in Mrs. Harlan's case the jury returned what she considers to be an inadequate award, though it is substantial. No other error appears. If Mrs. Harlan had any damages that were subject to exact pecuniary measurement, their total amount was decidedly less than the jury's award of $1,000. Hence her case falls within the statutory ban against the granting of a new trial when the only asserted error is the inadequacy of a verdict upon a claim for damages not subject to precise measurement. Ark. Stat. Ann. § 27-1902 (Repl. 1962); *Munson* v. *Mason*, 245 Ark. 686, 434 S. W. 2d 815 (1968).

*Third: The jury's failure to award any damages to Robert Harlan.* According to the undisputed proof this child suffered only minor bruises that required neither treatment nor medication. The jury evidently found the injuries to be so trivial as not to justify an award of compensatory damages. Hence in Robert's case the jury inserted in the form of verdict a finding of zero damages.

It is now insisted that Robert was entitled at least to nominal damages. In the only case cited by counsel, however, we were dealing with a property right stemming from the plaintiffs' ownership of land. *Adams* v. *Adams*, 228 Ark. 741, 310 S. W. 2d 813 (1958). In that situation an award of nominal damages serves a real purpose, for it establishes the property right in issue and lends force to the decree as a final adjudication in favor of the prevailing party. See, for example, *Brown* v. *Bradford*, 175 Ark. 823, 1 S. W. 2d 14 (1927), where we observed that "a new trial will not be granted for a failure to assess nominal damages where no question of a permanent right is involved."

In the case at bar no permanent right is involved, the only asserted cause of action being for an injury caused by negligence. Robert Harlan suffered an injury so slight that the jury did not see fit to dignify it by an assessment of compensatory damages. We must therefore adhere to our usual rule, that the trial court's failure to award nominal damages is not reversible error. *Reese* v. *Haywood*, 235 Ark. 442, 360 S. W. 2d 488 (1962); *Wells* v. *Adams*, 232 Ark. 873, 340 S. W. 2d 572 (1960).

Reversed as to Billy N. Harlan; affirmed as to Cherry Harlan and Robert Harlan.