TURNER JOHNSON *v.* DONALD K. BOWLIN ET AL

5-5724 475 S.W. 2d 885

Opinion delivered February 14, 1972

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*William C. Daviss* and *Wright, Lindsey & Jennings,* for appellees.

CARLETON HARRIS, Chief Justice. This litigation is the result of a motor vehicle collision involving vehicles driven by appellees, Mrs. Ollie Krissel, Donald K. Bowlin, and another vehicle driven by Rayburn J. Vantrees. Appellant, Turner Johnson, is a rice farmer owning and farming land near the town of Coy. On October 1, 1968, Johnson had instructed his employees to burn off a rice field adjacent to Highway 130 between Coy and England. Mrs. Krissel drove her vehicle into smoke from the fire, and when she slowed or stopped, the rear end of her car was struck by a vehicle driven by Bowlin, whose vehicle, in turn was struck in the rear by a pickup truck driven by Vantrees. Bowlin, a resident of Pulaski County, instituted suit in the Circuit Court in that county against Johnson, the two vehicle drivers, and Joe Tyler, owner of the Vantrees vehicle. All drivers involved counterclaimed against Bowlin and cross-complained against each other and against appellant Johnson. All sought property damages except Mrs. Krissel, who in addition to property damage, asserted damages for personal injury. On trial, the jury returned a verdict finding Johnson 100% at fault and property damages were awarded to Bowlin of $310.61, and Mrs. Krissel was awarded damages in the amount of $639.58. Thereafter, Mrs. Krissel filed a motion for a new trial, and the court, after entering judgment in favor of Bowlin for $310.61, granted a new trial against Johnson (on the finding of negligence between Johnson and appellee Krissel, and on the finding as to appellee's damages). Johnson appeals to this court. For reversal, it is simply urged that the trial court abused its discretion in setting aside the jury verdict in favor of Mrs. Krissel, and in ordering a new trial thereon.

In setting aside that portion of the jury verdict with respect to damages sustained by Mrs. Krissel on account of the negligence of appellant, the court found that the

verdict was against the weight of the evidence, and it definitely appears that the new trial was granted on the basis of inadequacy of the verdict. The controlling statute, Ark. Stat. Ann. § 27-1902 (Repl. 1962) provides:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

In *Munson* v. *Mason,* 245 Ark. 686, 434 S. W. 2d 815, plaintiffs were awarded damages by a jury, but filed a motion for a new trial, principally upon the ground that the evidence established pecuniary injuries in excess of the verdicts. The trial court set aside the awards, finding that the verdict "failed to do justice and enforce the rights of the parties". The granting of a new trial was appealed, and this court, in holding that there was no abuse of discretion as far as one of the plaintiffs was concerned, stated:

"We find no abuse of discretion insofar as Mason is concerned. According to the testimony, his car was worth $4,400 immediately before the accident and $1,500 immediately after it. Thus the $2,900 verdict fully compensated him for his property damage. It is undisputed, however, that he also incurred medical expenses for his wife's and daughter's injuries in excess of $2,375. Although the jury may have believed that not all those expenses were necessarily attributable to the accident, unquestionably some of them were. If the trial judge found that, by the weight of the evidence, Mason's pecuniary injuries exceeded the amount of the award, it was his duty to set it aside upon the plaintiff's motion. *Bockman* v. *World Ins. Co.,* 222 Ark. 877, 263 S. W. 2d 486 (1954). We cannot say that the judge abused his discretion. To the contrary, in our opinion the preponderance of the proof supports his action."

Appellant's principal complaint on this appeal is that Mrs. Krissel did not clearly establish pecuniary injury, and that the jury did not have to believe that

all the items of expense mentioned were occasioned by the injury sustained in the accident. It is pointed out that part of her testimony was an estimate and several of the figures given were not definite. It is also mentioned that her testimony was not supported by bills or statements. Appellant is correct in this assertion but not a single objection was made to the testimony of the witness, nor was any effort made to show that her testimony was incorrect. Appellee lists items of actual pecuniary loss totaling $772.03 in her brief, and our computation, arrived at from a review of the record, reflects this figure to be correct.

Here, the trial judge evidently found that Mrs. Krissel's pecuniary injuries exceeded the amount of the award, and that being true, it was his duty to set the verdict aside. Certainly, we cannot say that the court abused its discretion.

Affirmed.