CHERYL ANN HOUSE *v.* ALICE FINNEY

5-5817                                             477 S.W. 2d 482

Opinion delivered March 13, 1972

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Martin, Dodds, Kidd, Hendricks & Ryan,* for appellee.

GEORGE ROSE SMITH, Justice. This action was brought by the appellee, Mrs. Finney, to recover damages for an injury to her right knee sustained when the taxicab in which she was riding as a passenger collided with a car being driven by the defendant-appellant. There was no issue of comparative negligence. The jury returned a $1,000 verdict for the plaintiff. This appeal is from the trial court's action in granting the plaintiff a new trial, on the ground that the amount of the verdict is inadequate.

The question presented is not quite the same as that considered in our earlier cases. The controlling statute provides that a new trial shall not be granted on account of the inadequacy of the damages in a personal injury case if the award equals the actual pecuniary injury sustained. Ark. Stat. Ann. § 27-1902 (Repl. 1962). We have construed the statute to mean that if the verdict exceeds those damages which are subject to exact pecuniary measurement, such as medical expenses, then the statute prohibits the granting of a new trial if the only asserted error is the inadequacy of the award. *Harlan* v. *Curbo,* 250 Ark. 610, 466 S.W. 2d 459 (1971); *Munson* v. *Mason,* 245 Ark. 686, 434 S.W. 2d 815 (1968); *Law* v. *Collins,* 242 Ark. 83, 411 S.W. 2d 877 (1967).

At the trial Mrs. Finney proved, in addition to her claim for pain and suffering, medical expenses and other measurable pecuniary damages totaling $1,198.60. Even though the verdict was less than that amount, the appellant insists that the trial judge abused his discretion in granting a new trial, for the reason that not all of Mrs. Finney's medical expenses were necessarily attributable to the injury which she sustained in the collision between the taxicab and Mrs. House's car. It was shown that Mrs. Finney had twisted her right knee a few months before the accident now is issue. She was still receiving treatment for that original injury when the knee was again injured by reason of Mrs. House's negligence. Mrs. Finney also injured the knee at least to some extent in falls sustained after she was hurt in the taxicab.

The jury was instructed, in the language of AMI (Civil) 2203 (1965), that Mrs. Finney could recover for the full

extent of her injury, even though it was an aggravation of a pre-existing condition, but she could not recover for any pain or disability that she would have suffered even though the taxicab accident had not occurred. The appellant now argues that the jury's verdict for $1,000 must be taken to indicate that the jurors followed the court's instructions by deducting from Mrs. Finney's actual expenses of $1,198.60 an amount attributable to injuries for which the appellant is not liable.

If the situation were completely reversed—that is, if Mrs. Finney were complaining of the trial judge's denial of her motion for a new trial—then the appellant's argument would have more persuasive force than we can attribute to it upon the actual facts now before us. It must be remembered that the statute in question is a restriction upon the trial judge's power and duty to set aside a verdict which he finds to be against the weight of the evidence. Here the trial judge, having heard the testimony as it was given, apparently concluded that a decision by the jury to reduce the plaintiff's award for the reason now urged by the appellant would be against the preponderance of the evidence. If so, it was his duty to set aside the verdict and grant a new trial. Since we cannot say with certainty (as we could in the *Law* case, *supra*) that the jury's verdict exceeded the recoverable pecuniary loss, it follows that no abuse of the trial court's discretion in the matter has been demonstrated.

Affirmed.