**PROCESS CONTROL CORPORATION,**
**Plaintiff,**

v.

**TULLAHOMA HOT MIX PAVING COM-**
**PANY, INC., et al., Defendants.**

**No. CIV–4–76–35.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 2, 1977.

Ruling on Evidence Jan. 20, 1978.

On Motion For New Trial Feb. 14, 1978.

---

Thomas H. Strawn, Jr., Robertson, Worsham & Strawn and R. Edward Pritchett, Tullahoma, Tenn., for plaintiff, Process Control Corp.

Thomas H. Copeland, Tullahoma, Tenn., for intervening plaintiff American Biltrite, Inc.

Ben P. Lynch, Lynch & Lynch, Winchester, Tenn., for Tullahoma Hot Mix.

W. A. Moody, Branstetter, Moody & Kilgore, Nashville, Tenn., for J. D. Mullican Const. Co., Inc.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ The plaintiff moved the Court to order American Biltrite, Inc. (Biltrite) to be summoned to appear in this action as a party plaintiff, or upon its refusal to do so, as a party defendant " * * * because in their [sic: its] absence complete relief may not be accorded those already parties * * * " hereto, and to avoid " * * * a multiplicity of action. * * * " Rule 19(a)(1), Federal Rules of Civil Procedure. The plaintiff failed to submit with such written motion a brief with authorities, local Rule 12(a), and such failure could be deemed a waiver of such motion, local Rule 11(f).

■ Neither from the plaintiff's two-sentence motion, nor from the record herein as a whole can the Court conclude that, in the absence of Biltrite, complete relief cannot be accorded among those already parties hereto. If the plaintiff was serious about its current contention, it should have taken the time to enlighten the Court. Since any claim Biltrite might have against the defendants herein for their alleged negligence would appear to be separate and independent from that of the plaintiff and maintainable as a separate action, its joinder herein in not necessary under Rule 19, Federal Rules of Civil Procedure. *Sove v. Smith*, C.A. 6th (1962), 311 F.2d 5, 7[4].

Motion DENIED.

■ The plaintiff represents to the Court that Biltrite is an entity described in Rule 19(a)(1), Federal Rules of Civil Procedure. However, such party has failed to comply with the clear mandate of Rule 19(c), Federal Rules of Civil Procedure, requiring the plaintiff to list the names of those entities and the reasons why they are not joined in the complaint. Neither has the plaintiff sought leave of the Court to amend its complaint so as to comply with such rule. Such pleading deficiency is a ground for the dismissal of this action. *ICC v. Blue Diamond Products Co.*, D.C.Iowa (1950), 93 F.Supp. 688, 691[4–7]; *County of Platte v. New Amsterdam Casualty Co.*, D.C.Neb. (1946), 6 F.R.D. 475, 485[9]; *United States v. Aetna Life Ins. Co.*, D.C.Conn. (1942), 46 F.Supp. 30, 34[5, 6]. However, since the Court has concluded that Biltrite is not a party whose joinder is required herein under Rule 19(a), *supra*, it is not necessary for the plaintiff to so plead. 3A Moore's Federal Practice (2d ed.) 2611, ¶ 19.20; *County of Platte v. New Amsterdam Casualty Co., supra*, 6 F.R.D. at 485[9].

## RULING ON EVIDENCE

The plaintiffs offered the testimony of the witness Mr. Crawley concerning extrajudicial statements made by Mr. Robert Farrell, an employee of the defendant J. D. Mullican Construction Co., Inc., tending to establish by way of admission relevant facts bearing upon the liability of the defendants to the plaintiffs herein. The defendants objected on the ground of hearsay.

■ A statement offered against a party-opponent is not hearsay if it is a statement by a litigant's employee concerning a matter within the scope of his employment, made during the existence of the relationship. Rule 801(d)(2)(D), Federal Rules of Evidence. The query is whether Mr. Farrell was authorized to act *for* Mullican as to the matter out of which his statements grew.

As examples, where an employee was authorized to act *for* his principal in driving a truck, that truck was involved in an accident while being driven by that employee, and the employee had made extrajudicial statements concerning his conduct in driving the truck just prior of the time the accident occurred, witnesses who heard those statements were permitted to give testimony concerning them in a trial to determine responsibility for that accident. *Grayson v. Williams*, C.A. 10th (1958), 256 F.2d 61, 66, esp. n. 6. And, where an employee was authorized to act *for* his employ-

er in sending and receiving messages to and from the employer's aircraft, that aircraft was involved in an accident while such employee was the radio operator thereon, and the employee had made judicial statements concerning his conduct in failing to send a distress message prior to the accident, a transcript of those statements in a post-accident investigation proceedings was admitted in evidence in a trial to determine whether the employer was guilty of wilful misconduct. *Koninklijke Luchtvaart Maatschappij N. V. KLM v. Tuller*, C.A. (1961), 110 U.S.App.D.C. 282, 289, 292 F.2d 775, 782[11](4) (opinion by (now Chief Justice) Burger).

█ In this instance, Mr. Farrell was authorized to act *for* Mullican only as a laborer. The gist of the plaintiffs' claim against his employer is that the defendants' personnel drove heavy vehicles across underground tanks and caused them to collapse and be damaged. That alleged activity had no relation to Mr. Farrell's authorized activities *for* Mullican as a laborer. Thus, the proferred testimony does not fall within the exception made in Rule 801(d)(2)(D), *supra*, and is hearsay.

Accordingly, such evidence was excluded.

## MEMORANDUM OPINION AND ORDER

### On Motion for New Trial

The jury returned a verdict for the defendant J. D. Mullican Construction Company, Inc. herein. The plaintiff Process Control Corporation moved timely for a new trial, Rule 59(a), (b), Federal Rules of Civil Procedure, on the ground that such verdict is contrary to the evidence and the applicable law. Such motion and the grounds urged in its support lack merit, and same hereby is

DENIED.

The Court has no doubt that the issues presented herein were for resolution by a jury. This conclusion gains support from the fact that no party hereto moved the Court to direct a verdict. The crux of the matter was whether the plaintiffs had proved by the preponderance of the evi-

dence that either defendant was responsible for damage to the underground tanks involved.

The plaintiffs presented their claims to the jury, and the defendants presented theirs. There was no objection to the Court's instructions to the jury regarding the applicable law. The jury found for the remaining defendant.

If the trial judge interceded in this situation and found the weight of the evidence to have been against that determined by the jury, he would, to some extent at least, substitute his judgment of the facts and the credibility of the witnesses for that of the jury. This would effect a denigration of the jury system and, in granting a new trial on that basis, this judge of the law would have taken over the prime function of the members of the jury as the judges of the facts.

█ It would constitute a usurpation of judicial authority for the trial judge to presume to set aside the verdict of the jury herein, supported as it is by substantial evidence, even if the judge himself would have decided the issues differently had there been a bench trial without a jury. *Cf. Werthan Bag Corp. v. Agnew*, C.A. 6th (1953), 202 F.2d 119, 122–123[5] (where the trial judge was asked to disturb the jury's verdict on the ground that the award of damages was excessive). The verdict of the jury herein was one which could have been reached reasonably by its members, and it should be accepted. *Honaker v. Leonard*, D.C.Tenn. (1971), 325 F.Supp. 212, 214; *Burnett v. Quaker Oats Company*, D.C. Tenn. (1968), 289 F.Supp. 280, 283[4].