HOUSTON GENERAL INSURANCE CO. and
HOUSTON FIRE AND CASUALTY CO. *v.*
ARKANSAS LOUISIANA GAS CO.

79-203                                        592 S.W. 2d 445

Opinion delivered January 21, 1980
(In Banc)

*Wright, Lindsey & Jennings*, for appellants.

*Wayne Boyce* and *Griffin Smith*, for appellee.

Frank Holt, Associate Justice. Appellants paid the losses incurred by their insureds as a result of an explosion and fire which allegedly was caused by the negligence of the appellee. Following our reversal in *Erwin, Inc.* v. *Ark. La. Gas Co.*, 261 Ark. 537, 550 S.W. 2d 174 (1977), appellants were substituted as plaintiffs for the individuals and businesses originally named as plaintiffs. A jury found for the appellee, and on appeal two grounds are urged for reversal.

Appellants first contend that the court erred in refusing to admit the testimony of Kinerd Gates concerning certain statements made to him by Arvil Alvis, an agent of the appellee, about gas leaks in the alley where the explosion and fire occurred. Appellee responds that the testimony was properly excluded because there was no foundation for its admission. The excluded statements were contained in Gates' deposition which was being read to the jury because he was unable to testify at trial. One of the excluded statements was made four months prior to the explosion at which time Alvis allegedly told Gates and his wife there was "one helluva leak in that alley" where the explosion occurred. The other statement was made to Gates in the alley a month or two prior to the explosion there. Alvis allegedly told him

that he was "checking for a leak, gas leak." The court refused to admit the statements on the ground they were hearsay.

We hold that these proffered statements are not hearsay. They fall within the definition of an admission of a party opponent as set forth in Ark. Stat. Ann. § 28-1001, Rule 801 (d) (2) (iv) (Repl. 1979), which provides:

> (d) A statement is not hearsay if: . . . (2) Admission of a party opponent. The statement is offered against a party and is . . . (iv) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . .

The range of statements admissible under the agency standard was broadened considerably by this rule which is a verbatim adoption of the Federal Rules of Evidence, rule 801 (d) (2) (D), 28 U.S.C.A. "Once agency, and the making of the statement while the relationship continues, are established, the statement is exempt from the hearsay rule so long as it relates to a matter within the scope of the agency." Weinstein's Evidence § 801 (d) (2) (D) [01], p. 162. See also *Mahlandt* v. *Wild Canid Survival, Etc.*, 588 F. 2d 626 (8th Cir. 1978); *Process Control* v. *Tullahoma Hot Mix Paving Co.*, 79 F.R.D. 223 (E.D. Tenn. 1977); and *Pino* v. *Protection Maritime Ins. Co., Ltd.*, 599 F. 2d 10 (1st Cir. 1979). The rule insures the trustworthiness and reliability of the admission by providing that such statements are admissible only if made during the existence of the relationship. An employee is unlikely to jeopardize his job by making false statements which are costly to his employer. Weinstein's, *supra*.

Here in response to appellee's objection as to hearsay, appellants' attorney stated that he understood the proof would be that when Alvis made the statement he was an employee of Arkla engaged in responding to leak complaints and making repairs on gas lines. The proffer was sufficient to establish that the statements were made during the existence of the relationship and related to a matter within the scope of

the employment. In view of this proffer, the court erred in refusing to admit these statements. Neither can we agree with appellee's argument that the evidence, identical to the proffered evidence, was later elicited by appellants from Alvis.

We are also of the view that the court erred in permitting the local fire chief to testify concerning his investigation as to the cause of several other explosions and fires which had occurred in the vicinity a few months before and after the explosion and fire causing the damages here. Evidence of similar occurrences is admissible only when it is demonstrated that the events arose out of the same or substantially similar circumstances. The burden rests on the party offering such evidence to prove the necessary similarity of conditions exists. *Arkansas Power and Light Co.* v. *Johnson*, 260 Ark. 237, 538 S.W. 2d 541 (1976). See also *Fulwider* v. *Woods*, 249 Ark. 776, 461 S.W. 2d 581 (1971). Here appellee offered no evidence that the conditions surrounding the other fires, including one fire ascertained as being caused by arson, were similar to the fire involved in this case.

Consequently, the evidence as presented is not relevant to the cause of this particular fire. Ark. Stat. Ann. § 28-1001, Rule 401 (Repl. 1979). Neither do we agree with appellee's argument that the appellants, by cross-examining appellee's witness, had "open[ed] up" the issue thereby justifying the local fire chief's testimony.

Reversed and remanded.

STROUD & MAYS, JJ, not participating.