Laura M. JOHNSON and Charles E. JOHNSON
*v.* The TRUCK INSURANCE EXCHANGE

84-230                                    688 S.W.2d 728

Supreme Court of Arkansas
Opinion delivered April 29, 1985

*Michael Everett,* for appellants.

*Reid, Burge, Prevallet & Coleman,* for appellee.

STEELE HAYS, Justice. Appellants Charles Johnson and his mother, Laura Johnson, brought suit under their homeowners policy to recover the stated value of a dwelling totally destroyed by fire on May 8, 1982. Appellee insurer defended on grounds of misrepresentation, fraud and arson. The jury returned a verdict of $55,910.64, notwithstanding an instruction that told them if they found for the plaintiffs their verdict for the loss of the dwelling should be the insured value of the dwelling — $95,000. Both sides moved for judgment notwithstanding the verdict and the trial court

set the verdict aside and ordered a new trial. On appeal and cross-appeal, we affirm.

ARCP Rule 59(a) lists the grounds on which a new trial "on all or part of the issues" may be granted, including any irregularity in the proceedings preventing a fair trial. The trial court's power under the rule is necessarily broad and will not be disturbed in the absence of abuse. *Johnson* v. *Bowlin,* 251 Ark. 950, 475 S.W.2d 885 (1972); *House* v. *Finney,* 252 Ark. 66, 477 S.W.2d 482 (1972).

We find no abuse of discretion. The verdict and the instruction cannot be reconciled. The court instructed the jury in effect that it must either find for the defendant or return a verdict for the plaintiffs of at least $95,000. In clear disregard of that instruction the jury by a vote of 9 to 3 returned a verdict of $55,910.64, which cannot be rationally explained.

Appellants also urge it was error for the trial court not to order a partial trial limited to the amount of the damages. That decision is discretionary with the trial court and where the verdict is wholly incongruent, in the face of the instruction given, a new trial on all the issues will not be easily reversed. We have said as a matter of law the verdict must be treated as an entity. *McVay* v. *Cowger,* 276 Ark. 385, 635 S.W.2d 249 (1982). That has been our rule for decades, (see cases cited in *McVay* v. *Cowger),* but we should not overlook the plain wording of Rule 59(a), contemplating new trials on only *part* of the issues. The rule permits partial trials in those cases where one or more of the issues has been clearly resolved by the verdict. That cannot be said of the verdict in this instance and the trial court was right.

The other arguments are moot but will be discussed for the guidance of the trial court on retrial.

Appellants ask us to reverse an evidentiary ruling with respect to other fires. The trial court permitted the introduction of proof that Charles Johnson had had three fires prior to the one in question: the 1977 burning of a building in which he operated a grocery business, the 1977 burning of

a dwelling where the Johnsons had lived and where Johnson's wife was then operating a beauty shop, and the 1981 burning of a late model automobile. Appellants' brief denies they benefited by these fires and whether Johnson was actually paid for the losses is not brought out. It is clear from his testimony, however, that there was insurance coverage on the buildings destroyed by these fires[1].

Appellants rely on *Houston General Insurance Co.* v. *Arkansas Louisiana Gas Company,* 267 Ark. 544, 592 S.W.2d 445 (1980), but that case offers little guidance here. The issue involved a claim of negligence where proof of similar occurrences requires evidence of the same or substantially similar conditions. [See *Houston General, supra; Arkansas Power and Light Co.* v. *Johnson,* 260 Ark. 237, 538 S.W.2d 541 (1976)]. Reversing on other grounds, we noted that no evidence was offered of circumstances and conditions surrounding the other explosions similar to the one in question.

A different situation is presented here. Charles Johnson was shown to have experienced four fires of a major sort within a span of five years, at least three of which were insured against loss by fire. Unif. R. Evid. 401 defines relevant evidence as evidence having any tendency to make a fact more or less probable. Where the issue is whether a fire was set *deliberately* to claim insurance, the existence of other fires, if not too remote in time or dissimilar in circumstances, may be admissible without showing the same or substantially similar circumstances. Such evidence has relevance to show motive, intent, absence of mistake, or accident. See Unif. R. of Evid. 404(b). Unif. R. Evid. 403 requires the trial court to decide whether that relevant evidence is such that its probative value outweighs the harm which its introduction might cause. There were other circumstances this jury could have found probative of a deliberate setting of the 1982 fire, as well as proof that Charles Johnson may have knowingly given a false answer when asked if similar insurance had ever been cancelled or

[1]T. 237-238. (The record is silent concerning coverage on the automobile.)

declined; that he first insured the dwelling only in his mother's name, later adding his own; that he may have given false answers concerning her occupancy of the dwelling as well as occupancy by his former wife; that a few months prior to the fire he attempted to increase coverage from $60,000 to $105,000, and did secure an increase to $95,000; and that Charles and Laura Johnson were $12,500 behind in payments to the Federal Land Bank. It must be said the appellants answered with proof of their own and, as we have said, it is impossible to determine which evidence the jury found preponderant.

The case of *Hammann v. Hartford Accident and Indemnity Co.,* 620 F.2d 588 (6th Cir. 1980) is instructive. Hammann brought suit to recover under a fire insurance policy for damage to a barn. The insurer presented expert testimony to show the fire was intentionally started and that Hammann had had six fires over the years, four of which resulted in insurance recoveries. The trial judge excluded evidence of fires which did not result in recoveries and permitted evidence of the circumstances surrounding the four fires yielding insurance recoveries. Hartford argued the evidence was properly admitted under Unif. R. Evid. 404. The Court of Appeals found the probative value outweighed the prejudice and that no abuse of discretion occurred:

> Here the evidence of prior fires was properly admitted for a number of reasons: Defendant attacked Hammann's credibility by establishing that he had willfully concealed several occurrences of fires from the defendant. Second, the trial court properly instructed the jury that the fires were to be considered as bearing only on Hammann's motive. See *Terpstra v. Niagara Fire Insurance Co.,* 26 N.Y.2d 70, 308 N.Y.S.2d 378, 256 N.E.2d 536 (1970). Lastly, Hartford asserted the defense of incendiarism which included evidence of Hammann's intent or knowledge of the occurrence. See, e.g., *Trice v. Commercial Union Assurance Company,* 397 F.2d 889 (6th Cir. 1968), cert. denied, 393 U.S. 1018, 89 S.Ct. 623, 21 L.Ed.2d 563 (1969).

In *Raphtis v. St. Paul Fire & Marine Insurance*

*Company,* 198 N.W.2d 505 (1972) the Supreme Court of South Dakota upheld the admission of evidence of other fires in a similar suit, with this comment:

> General rules of admissibility of other crimes are stated in 29 Am.Jur.2d, Evidence, § 298 through § 333, most of which deals with evidence in criminal actions. See also Arson and Related Offenses, 5 Am. Jur. 2d § 58. Evidence is admissible if it tends to show intent, motive, scheme or plan. 29 Am. Jur. 2d, Evidence, §§ 324, 325 and 326. Three fires in nine months was held admissible to show motive. Generally in a fire insurance case, where circumstantial evidence is resorted to, the objections to testimony as irrelevant are not favored, and the evidence must necessarily take a broad range. Such evidence is to be received with caution, yet in this civil action we conclude no error occurred under this record.

Two Arkansas criminal cases bear comparison. In *Casteel* v. *State,* 205 Ark. 82, 167 S.W.2d 634 (1943), we held where the defendant was charged with arson in the burning of an automobile to recover insurance, proof he had burned other cars for a similar reason was admissible. In *Satterfield* v. *State,* 245 Ark. 337, 632 S.W.2d 472 (1968), for the guidance of the trial court on remand, we said evidence of other incidents of arson would not ordinarily be admissible. However, it should be noted, the proof was "very meager, and the single witness who mentioned [another fire] never described it, never located it and certainly did not connect the defendant with it." Thus, the proof failed for lack of a connection to the defendant.

Given the overall proof of the first trial, we cannot say discretion was abused by the reception of the evidence of other fires. Assuming the proof on retrial is at least the equivalent, we are not willing to say the proof of the other fires is so lacking in relevance as to be inadmissible per se, or that relevance is plainly outweighed by prejudice. We have recognized that the acceptance or rejection of evidence on grounds of relevance is necessarily a matter of discretion. *Hamblin* v. *State,* 268 Ark. 497, 597 S.W.2d 589 (1980);

*Kellensworth* v. *State,* 278 Ark. 261, 644 S.W.2d 933 (1983).

Two additional arguments are made on direct appeal; the trial court erred in denying a motion for a directed verdict in favor of Laura Johnson and in instructing the jury that Laura Johnson was bound by the conduct, acts and representations of Charles Johnson.

The argument that Laura Johnson was entitled to a directed verdict is predicated on an absence of proof she was guilty of wrongdoing. Appellants cite *Mechanics Insurance Co.* v. *Intersouthern Life Ins. Co.,* 184 Ark. 625, 43 S.W.2d 81 (1931) and urge that arson by one co-insured is no defense to a claim by the other, if the latter is innocent of such wrong. *Richardson* v. *Hanover Insurance Co.,* 299 S.E. 2561 (Ga. 1983); *Fuston* v. *National Mutual Insurance Co.,* 440 N.E.2d 751 (Ind. App. 1982); *St. Paul Fire & Marine Insurance Co.* v. *Molloy,* 291 Md. 139, 433 A.2d 1135 (1981); *American Economy Insurance Co.* v. *Liggett,* 426 N.E.2d 136 (Ind. App. 1981); "Insurance Law: Innocent Spouse's Right to Recover in Arson Cases," 17 Wake Forest L. Rev. 1022 (1981).

We will not attempt to settle that issue here. For one thing, apart from the separate consideration of her innocence with respect to arson, the jury could have concluded this policy would not have been issued in the first instance if Charles Johnson, acting for himself and Laura Johnson, had given truthful answers concerning the cancellation of similar insurance. For another, this record does not reflect that appellants presented an instruction to the trial judge which preserved this issue on appeal. ARCP Rule 51. We are unable to say, therefore, the proof was such that the trial court was obliged to direct a verdict for Laura Johnson. *Farm Bureau Mutual Insurance Co.* v. *Henley,* 275 Ark. 122, 628 S.W.2d 301 (1982).

Nor do we think the trial court erred in instructing the jury as it did. Charles Johnson testified that he handled all the affairs affecting insurance with the approval of Laura Johnson, that she left these matters entirely in his hands. She did not know with whom the coverage was placed, the

amount of coverage, the amount of premium (which Charles paid), or anything else concerning coverage. Her testimony nowhere refutes the testimony of Charles Johnson on this issue. In short, we cannot say the trial court should not have given the instruction on the basis of the testimony.

By cross-appeal appellee asserts there was no substantial evidence to support any verdict in favor of appellants. The argument generally is that Charles Johnson willfully concealed material facts concerning the application for insurance. We concede there are discrepancies in some of his answers, but we are not prepared to substitute our view for that of the trial judge on the basis of a printed record of a trial lasting three days. The trial judge hears the witnesses and we recognize his advantage in passing on the weight of the evidence. *Garrett* v. *Puckett,* 252 Ark. 233, 478 S.W.2d 48 (1972).

The order appealed from is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent from that part of the majority opinion which discusses the evidence relating to other fire losses experienced by Charles E. Johnson. He was not charged with the responsibility of causing the other fires which destroyed property in which he held an interest. We held in *Houston General Ins. Co.* v. *Arkla Gas Co.,* 267 Ark. 544, 592 S.W.2d 445 (1980) that evidence of similar occurrences is admissible only when it is demonstrated that the events arose out of the same or substantially similar circumstances. In *Houston* we also held that the burden rests on the party offering such evidence to prove that the necessary similarity of conditions exists. There was no attempt to comply with this holding in the case here under consideration. If the insurance carrier has evidence that Charles E. Johnson was the author of the previous fire losses, it should be allowed to introduce that evidence at the next trial. However, the fact that fire losses occurred on property in which Johnson had an interest is, in and of itself, not proper evidence. It will be necessary to show that Charles E. Johnson set the fires or caused them to be set

before the exclusion in the policy is applicable. *Farmers Ins. Exchange* v. *Staples,* 8 Ark. App. 224, 650 S.W.2d 244 (1983). Certainly such losses would not be relevant unless it were shown that Johnson received pecuniary gain from them. There is no such evidence in the present record.

The majority state: "Where the issue is whether a fire was set *deliberately* to claim insurance, the existence of other fires, if not too remote in time or dissimilar in circumstances, may be admissible without showing the same or substantially similar circumstances." This statement is not supported by any type of authority and I am of the opinion that it is simply pulled out of the air.

Even if it were proven that Charles E. Johnson deliberately set fire to this property, the insurance company would still be obligated to pay Laura M. Johnson the face amount of the policy. No one disputes that she had an insurable interest. The fact that she asked her son to obtain the insurance in no manner reflects any intention on her part to cause the property to be destroyed by fire.

In *Satterfield* v. *State,* 245 Ark. 337, 432 S.W.2d 472, (1968), where a person was charged with arson, we stated: "Evidence of other incidents of arson would not be admissible unless that evidence can be shown to meet the test announced in many decisions." The court then cited *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954) and approved language from C.J.S. as follows: "[E]vidence which shows or tends to show that accused has committed another crime wholly independent of, and unconnected with, that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible."

I believe the valued policy law is applicable to the facts of this case.