Ethel L. FRASER and Jennings B. FRASER *v.* HARP'S FOOD STORES, INC.

86-59                                                   718 S.W.2d 92

Supreme Court of Arkansas
Opinion delivered October 27, 1986

*Wilson, Engstrom, Corum & Dudley*, by: *Gary D. Corum*, for appellant.

*Penix Law Firm*, by: *Bill Penix* and *Richard Lusby*, for appellee.

JACK HOLT, JR., Chief Justice. Appellant Ethel Fraser, 85, suffered serious injuries when she fell and struck her head in the appellee's food store. She alleges to have tripped over a shopping cart which an employee for the appellee negligently pushed into her path. The jury denied any recovery. The appellant argues on appeal that the trial court erred in not admitting into evidence two customer accident reports made by a store manager of a different store owned by the appellee, and in prohibiting the use of prior inconsistent statements to impeach a witness. Jurisdiction is pursuant to Sup. Ct. R. 29 (1)(b) and (o). We agree with the rulings of the trial court and affirm.

Before the trial, the appellee made a motion in limine to prevent the admission into evidence of two customer accident reports from its store in Fort Smith; the appellant's fall occurred in the Mountain Home store. One report states a customer "turned around and fell over a grocery cart" and the other one notes a customer "tripped over a shopping cart." Neither customer required medical attention. No other details of the accidents were given in the reports and the appellant offered no other evidence to establish any similarity between the Fort Smith accidents and the Mountain Home accident. These two reports, dated 1983 and 1984, are the only reported customer accidents relating to "carts" in the sixteen store chain operated by the appellee during a thirty year period.

The appellant contends that these reports are relevant to show the appellee was put on notice that the shopping carts had caused customers to be injured and the appellee was negligent in not remedying the situation. The appellant alleged the shopping carts are dangerous because the basket portion of the carts lifts up when they are not in use, leaving the bottom part sticking out a few feet and just a few inches above the ground, making them easy to trip over. The appellee contends the previous accidents were not relevant because they occurred in another store and there was nothing in the reports to indicate what caused the customers to trip over the carts. The appellee further argues that

two reports of minor accidents were not sufficient to put appellee on notice of a dangerous condition.

■■ There is no rule of evidence which specifically addresses the issue of admitting proof of prior accidents to show negligence or notice in the case at issue. We have adopted the rule that where notice of a danger or defect is in issue, evidence of similar occurrences is admissible, but "only when it is demonstrated that the events arose out of the same or substantially similar circumstances." *Houston General Ins. Co.* v. *Arkla Gas Co.*, 267 Ark. 544, 592 S.W.2d 445 (1980). The burden of proving the necessary similarity of conditions rests on the party offering the evidence. *Id.* The trial court is given wide discretion in determining whether this burden has been met. *Arkansas Power & Light Co.* v. *Johnson*, 260 Ark. 237, 538 S.W.2d 541 (1976).

■ The only similarity shown between the accidents in the two reports and the appellant's accident was that a cart was involved in some way. Standing alone, evidence of this nature does not have a tendency to prove the proposition alleged by the appellant. The jury would have been left to speculate as to what preceded those accidents and whether the same type of shopping carts were used in the other store. The Fort Smith reports do not constitute relevant evidence, and are not admissible. A.R.E. Rule 402. The trial court did not abuse its discretion in refusing admission of the reports.

■ During the course of the trial, the appellant sought to utilize the same accident reports to impeach the testimony of the Mountain Home store manager inasmuch as he testified that he did not write down the names of store employees who witnessed the fall on his accident report because he had been trained otherwise. Conversely, the Forth Smith store reports named only store employees as witnesses. The Mountain Home manager testified that he did write down employees as witnesses when there were no other witnesses to the accident. Therefore, the Fort Smith reports did not conflict with his testimony. Likewise, since the Mountain Home manager had nothing to do with the Fort Smith reports, they obviously could not be used to impeach his testimony.

■ Finally, the appellant argues that the trial court erred

in preventing the use of prior inconsistent statements to impeach the testimony of a store employee called by the appellee. The appellant questioned the witness about several statements which the witness made over the phone to an employee of the appellant's attorney. After several questions, the appellee objected to further reading of the prior statements. The court first sustained the objection, but upon argument by the appellant, stated: "If there is an inconsistent statement, I think you may question her about inconsistent statements." The appellant asked one more question and passed the witness. The trial court's ruling was not adverse to the appellant and therefore there was no reversible error.

Affirmed.

PURTLE, J., not participating.