Barabara MACOM and Harold Macom *v.* WAL-MART STORES, INC.

91-69                                                  809 S.W.2d 819

Supreme Court of Arkansas
Opinion delivered May 28, 1991.

*Henry, Walden, Davis & Halsey*, by: *Troy Henry*, for appellants.

*Barrett, Wheatley, Smith & Deacon*, by: *David W. Cahoon*, for appellee.

TOM GLAZE, Justice. This is a slip and fall case in which appellant apparently sustained injuries from falling on a red ink

pen located in an aisle in an appellee's store in Jonesboro. A jury verdict was returned in appellee's favor, and appellant appeals raising one point for reversal, *viz.*, the trial court erred in excluding certain testimony proffered by appellant's witness, Marvin Russell, as rebuttal evidence. We hold the trial court ruled correctly, and therefore affirm.

Some nine months after her fall and in preparation for trial against appellee, appellant hired Russell, an investigator, to place a styrofoam cup on the appellee's store floor at the approximate place where the appellant had fallen. Russell's proffered testimony at trial reflects that his purpose in placing the cup was to determine whether or not the janitor regularly cleaned that area of the store. He took pictures of the cup's placement and returned the next day to find the cup had been kicked or somehow relocated to a nearby spot under a pant's rack. Russell again took pictures of the cup, as relocated, for the apparent purpose of testifying at trial.

To prevail in her slip and fall case, the appellant must show that appellee violated its duty to use ordinary care to maintain the premises in a reasonably safe condition by proving either that the presence of the ball point pen upon the floor was the result of appellee's negligence or that the ball point pen had been on the floor for such a length of time that appellee knew or should have reasonably known of its presence and failed to use ordinary care to remove it. *See* AMI Civil 3d 1105; *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987).

In appellant's case-in-chief, she testified that, immediately prior to her fall, two of appellee's employees had been looking for something on the store floor as she approached to ask them where the boys' blue jeans were located. While looking at the jeans, she slipped and fell. After her fall, an ink pen was discovered near her feet. During appellee's case, the two employees denied that either of them had been looking for a pen, as was suggested by appellant's testimony. However, one of the two employees (as did the store manager) testified that, under appellee's cleanup policy, all employees who saw anything on a store's floor were to "pick it up and put it in its proper place." The manager added that appellee's policy is to keep a reasonably safe place for its customers and employees are instructed that, if they see anything

on the floor, they are to pick it up.

In appellant's cross-examination of appellee's store manager, counsel specifically asked about appellee's cleaning policy and the manager responded that a night cleanup man swept the floor five nights a week, and its stockmen swept the floor the other two nights. Counsel asked if these employees picked up "cups, pencils, wrappers and things like that," to which the manager said, "Yes, sir, anything that's on the floor, they're to clean up." Counsel further inquired if the cleanup policy related by the manager was in effect on the day appellant fell and the manager said, "Yes, sir."

At the end of appellee's case, appellant offered Russell's testimony for the expressed purpose of showing appellee's employees and store manager were lying when they said that the store was cleaned up every night. The trial court's ruling to exclude such testimony was correct for many reasons.

■ First, the trial court determined that Russell's proffered testimony was not relevant. We agree. Russell's attempt to reconstruct a similar situation nine months after the appellant fell failed to show the appellee's cleanup employees had not swept the floor on the night prior to appellant's fall. All Russell's reconstructed event showed was that he had found the cup in a different spot from where he had placed it the night before. Such testimony in no way showed that appellee's employees had lied in relating appellee's nightly cleanup policy. Nor did Russell's testimony show that the store had not been swept on the night before the appellant's fall.

■ Second, while subsequent similar events testimony may be admissible to impeach the testimonies given by appellee's employees concerning the events occurring and surrounding appellant's fall, we have held the burden of proving the necessary similarity of conditions rests on the party offering the evidence. *See Fraser* v. *Harp's Food Stores, Inc.*, 290 Ark. 186, 718 S.W.2d 92 (1986). The burden of proving the necessary similarity of conditions rests on the party offering the evidence, and the trial court is given wide discretion in determining whether this burden has been met. *Id.*

■ Here, Russell's attempt to show a similar or reconstruc-

tive event to the one existent of the night before and day of appellant's fall again misses the mark of relevancy. Russell's testimony showed he used a cup, not a pen, in his failed attempt to reconstruct conditions as they existed on the day appellant fell. Obviously, a pen presents a smaller and more perceptible or potential danger than does a styrofoam cup. Furthermore, Russell did not specify which night of the week or which cleanup personnel, stock clerk or regular janitorial staff, had been assigned to sweeping duties on the respective nights and days of the two separate events. While other factors exist to show the dissimilarity between the two events, we believe these stated distinctions sufficiently reflect appellant's failure to meet her burden.

■ Finally, even if appellant had shown that Russell's proffered testimony was relevant rebuttal evidence, such testimony added nothing to what appellant had already elicited upon her cross-examination of appellee's witnesses. For example, one employee, who testified appellee's policy was to sweep the floors each night, indicated she sometimes might enter the store the day following the night it was swept and find pencils, cups or candy wrappers on the floor. Another employee admitted that a cup could have been left on the store floor from the prior night's cleaning, and she might not have known of it. In view of such candid and revealing admissions by appellee's employees, Russell's proffered testimony had little or no added probative value. In other words, his testimony only confirmed or was cumulative to these employees' stories that cups, pencils or other items could have been on the appellee's store floor without their knowledge even though the store had been cleaned the night before. Thus, while we believe the trial court properly ruled Russell's proffered testimony was not relevant or proper rebuttal evidence, we fail to see how appellant could have been prejudiced by its exclusion since such testimony was merely cumulative to that evidence appellant had already elicited through appellee's witnesses.

For the reasons given above, we affirm the lower court's decision.

DUDLEY, J., not participating.