Vivian HEINRICH *v.* HARP'S FOOD STORES, INC.

CA 94-1115 915 S.W.2d 734

Court of Appeals of Arkansas
Division III
Opinion delivered February 28, 1996

*The McMath Law Firm, P.A.*, by: *Sandy S. McMath*, for appellant.

*Wright, Lindsey & Jennings*, by: *Edwin L. Lowther* and *Michael D. Barnes*, for appellee.

OLLY NEAL, Judge. This is an appeal from a jury verdict in a slip and fall case in favor of appellee Harp's Food Stores, Inc. We agree with appellant that the trial court erroneously restricted the flow of discovery and reverse and remand for a new trial.

On December 7, 1990, appellant Vivian Heinrich slipped on a piece of wrapping paper in appellee's supermarket in Mountain Home and, as a result, sustained severe injuries. Appellant and her husband, Otto, subsequently filed a complaint against appellee alleging that appellee had negligently failed to monitor and keep its floors free of obstructions, failed to warn its customers about the hazardous condition of its floors, failed to have or enforce a policy of prompt attention to injured customers and failed to properly train its employees. Appellant propounded her first set of interrogatories to appellee contemporaneously with service of the original complaint.

Appellant's interrogatories, numbers 5 and 6, are the basis of much of the controversy on appeal and read in relevant part:

5. Have you since January 1, 1984, been a party in a lawsuit or other legal proceeding in which a member of the public and/or one of your employees was alleged to have slipped, tripped, stumbled and/or fallen onto the floor of one of your premises, injuring him or her self?

6. If your answer to the preceding interrogatory is yes, for each such proceeding, please state:

(a) the complete name of the party plaintiff;
(b) the complete name of his or her attorney;
(c) the date the injury occurred;
(d) the precise location and address of the store or other premises where the injury occurred;
(e) the outcome of the proceeding;
(f) if a settlement was made, the amount thereof;
(g) if a verdict or settlement was returned, or a workers' compensation award made, the amount thereof;
(h) any remedial measures that were taken by you subsequent to each incident in order to improve the safety of the premises from a recurrence of the injury complaint [sic] of.

Appellee's answer to these interrogatories included an objection to interrogatory #6 on the grounds that it was "unduly burdensome," "overly broad," and sought irrelevant information.

After receiving appellee's response to appellant's interrogatories and a copy of appellee's motion for summary judgment, appellant amended her complaint and filed her motion to compel appellee to respond fully to interrogatory #6. In addition to the counts of negligence contained in the original complaint, appellant's amended complaint alleged that Harp's had also been negligent in failing to install non-hazardous flooring in its chain of stores, failing to change its flooring surfaces after numerous customers had been injured as a result of the sub-standard flooring and failing to warn the public that the floor surfaces in its stores were hazardous. Appellant also filed a motion to compel a complete answer to plaintiff's interrogatories which was denied. Appellant's case was tried before a jury on June 29, 1994.

At the trial, appellant presented evidence including expert testimony of Carl Menyhart, Jr., a Little Rock architect employed by the Blass Firm in Little Rock. Menyhart testified that he examined the floors in eight (8) of appellee's North Arkansas stores and discovered that the prevailing material used was "generic vinyl composite" that is normally used in storage rooms and other low-traffic areas. Menyhart also stated that he examined the floors in other retail establishments in the area, conducted an independent survey of companies that manufactured floor products that are available in the state and "took note if the companies manufactured slip-resistant products." Menyhart stated his opinion was that the flooring used by appellee, in most of its stores, was unsuitable for supermarkets because typical supermarket products such as eggs, paper products, fruit and liquid detergents create a potentially dangerous situation when dropped or spilled on that type surface. At the close of the evidence, the case was submitted to the jury who returned a verdict in favor of appellee Harp's Food Stores.

█ The gist of appellant's first argument is that she was wrongfully denied an opportunity to prove an element of her case when the trial court denied her motion to compel. In addressing this point of error, we note that trial courts have wide discretion in all matters pertaining to discovery and we will not reverse their decisions absent abuse of that discretion which is prejudicial to the appellant. *Derrick* v. *Mexico Chiquito, Inc.*, 307 Ark. 217, 819 S.W.2d 4 (1991); *Fraser* v. *Harp's Food Stores, Inc.*, 290 Ark. 186, 718 S.W.2d 92 (1986).

██ Although we have no evidentiary rule addressing the admissibility of prior accidents or notice, the Arkansas Supreme Court has enunciated the rule that "where notice of a danger or defect is in issue, evidence of similar occurrences is admissible, but, only when it is demonstrated that the events arose out of the same or substantially similar circumstances." *Fraser* v. *Harp's Food Stores, Inc.*, 290 Ark. 187, 718 S.W.2d 92 (1986). It is well settled that proof that a defendant had or should have had knowledge of a dangerous condition is relevant under most theories of negligence. *Arkansas Power and Light Co.* v. *Johnson*, 260 Ark. 237, 538 S.W.2d 541 (1976). Accordingly, any accidents discovered by appellant or revealed by appellee in its discovery responses that arose out of the "same or substantially

similar circumstances" would have been admissible.

 Although appellant investigated and turned up information that revealed that appellee's other stores had floors constructed of the "same or similar" materials, it was impossible for appellant to find out whether accidents occurring on appellee's other floors occurred in the same or similar manner without further information. Although we recognize the magnitude of the trial court's discretion in discovery matters, we have not hesitated to find an abuse of discretion where there has been an undue limitation of substantial rights of the appellant under the prevailing circumstances. *Rickett* v. *Hayes*, 251 Ark. 395, 473 S.W. 2d 446 (1971). In cases where the appellant is relegated to having to prove his claim by documents, papers and letters kept by the appellee, the scope of discovery should be broader. *Marrow* v. *State Farm Ins. Co.*, 264 Ark. 227, 570 S.W.2d 607 (1978). We consider this factor in deciding whether there has been an abuse of discretion in denying a discovery request. *Id.* The goal of discovery is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden on his adversary. *Id.* That goal was not met in this case and appellant was denied a fair trial.

Appellant's remaining argument relates to the court's refusal to allow her to present rebuttal evidence concerning prior accidents at other Harp's locations. Because of our decision on the preceding issue, that problem is not likely to present itself on retrial, and we refrain from addressing it now.

 We reverse and remand this cause for retrial with instructions that the trial court make appropriate orders regarding discovery consistent with this opinion.

Reversed and remanded.

MAYFIELD and STROUD, JJ., agree.